SAMUEL STALL V. DARIUS DIAMOND.

*Appeal from Assessment of Damages—Mandamus to Vacate Order—*
*Comp. L., § 5431.*

An appeal lies from a justice of the peace on judgment of non-suit or on any final judgment on issue joined. Comp. L., § 5431. It lies, then, when a writ of replevin has been dismissed for defects in the affidavit for the writ, and judgment has been rendered for damages and costs on waiver of a return.

Dismissal of a writ of replevin amounts to judgment of non-suit.

On an assessment of damages in replevin there is always an issue joined, whether expressed in words or not.

Error lies rather than mandamus where the error is disclosed on the record, as where the grounds for dismissing an appeal are stated in the order.

Error to Genesee. Submitted Oct. 4. Decided Oct. 23.

REPLEVIN. The facts are in the opinion.

*Le Roy Parker* (on brief) for plaintiff in error, in support of the remedy by writ of error, cited High on Ex. Leg. Rem., §§ 154, 189.

*Wm. Newton* (on brief) for defendant in error.

COOLEY, C. J.   Diamond brought replevin in justice's court, but his suit was dismissed for defects in his affidavit for the writ. Having obtained the property in controversy on his writ, the defendent waived a return, and prayed judgment for its value. The justice, after taking time to consider the application, gave him judgment for six cents damages and the costs of suit. From this judgment defendant appealed, and on motion, the circuit court dismissed the appeal on the ground that the case was not appealable. Error is brought on this dismissal.

We have no doubt the case was appealable. The statute (Comp. L., § 5431) gives the right to appeal wherever final judgment has been rendered on an issue joined, and also

where judgment of non-suit has been rendered.    The judgment of dismissal was in legal effect one of non-suit, *People v. Judge of Wayne Circuit Court*, 30 Mich., 98; and on an assessment of damages in replevin there is always an issue between the parties, whether expressed in words or not. The value of the property was in issue, and the judgment of the court was demanded upon it.    We have no doubt of the right to appeal.

It is insisted, however, that conceding this right, the plaintiff in error has mistaken his remedy; that he should have applied for a mandamus instead of suing out a writ of error; and the case above cited is relied upon as authority to that effect.    That case is imperfectly reported, but it differs from this in the important fact that the ground for dismissing the appeal did not appear in the order there made, but does appear here.    The difference is vital.    A writ of error in that case would not have been the appropriate remedy, because the record did not disclose the error; affidavits were required to show it.    Here the grounds of the dismissal appear in the order itself, and must therefore appear in the return to the writ.

The judgment of dismissal must be reversed with costs, and the cause remanded.

The other Justices concurred.