ANDREW OLSON, RELATOR v. MUSKEGON CIRCUIT JUDGE.

*Mandamus—Order to show cause inconclusive as to remedy—Proceedings in justice's court to recover possession—Complaint—Return.*

*Mandamus* does not lie where the remedy sought is the revision of a final judgment on matters of record, and where everything necessary to a determination may be returned on writ of error.

Whether *mandamus* is the proper remedy in a case is not determined by an order to show cause why the writ should not issue. That point may be finally examined and determined at the hearing on the return of the writ, when both parties can be heard.

A complaint filed with a justice in a proceeding to recover possession of premises, is not jurisdictionally defective in omitting the name of the defendant from the body of the instrument if there is enough in it to supply the name.

A justice does not lose jurisdiction of a proceeding to recover possession of land merely because the constable does not make return to the summons until an hour after the time fixed, if the parties are present and remain in attendance without objection.

The remedy for mere formal defects in a complaint before a justice to recover possession of lands is by motion in the circuit court.

MANDAMUS.    Motion submitted June 21.    Denied Oct. 4:.

*James H. Campbell* and *Andrew B. Allen* for relator. The omission of a name or of other words from a complaint, summons, affidavit or declaration does not necessarily invalidate it: *Barber v. Smith* 41 Mich. 138; *Final v. Backus* 18 Mich. 218; *Fewlass v. Abbott* 28 Mich. 270; *Brown v. McHugh* 35 Mich. 50; *Merrill v. Kalamazoo* id. 211; *Hubbardston Lumber Co. v. Covert* id. 254; *Kimball Mfg. Co. v. Vroman* id. 310; *Merrick v. Mayhue* 40 Mich. 196; *Dickinson v. Simondson* 25 Mich. 113; *Buhl v. Trowbridge* 42 Mich. 44; *McLaughlin v. Wilks* id. 553; amendments have been allowed where there were mistakes in the names of parties: *Woodson v. Law* 7 Ga. 105; *Pearce v. Bruce* 38 Ga. 444; *Arbuckle v. Bowman* 6 Ia. 70; *Weaver v. Jackson* 8 Black (Ind.) 5; *Fogg v. Greene* 16 Me. 282; *Crafts v. Sikes* 4 Gray 194; *Wiley v. Patterson* 18 N. J. L. 440; *Jones v. Miller* 1 Swan 319; *Cartwright v. Chabert* 3 Tex. 261; *Hickman v. Boggus* 14 La. Ann. 609.

*McLaughlin, Delano & Bunker* for respondent. Remedy by mandamus is barred by the existence of any other legal remedy: High Ext. Leg. Rem. § 177; *People v. Branch Circ. Judge* 1 Doug. (Mich.) 319; *Wiley v. Allegan Circ. Judge* 29 Mich. 489; *Mabley v. Judge of Superior Court* 32 Mich. 190; *O'Brien v. Tallman* 36 Mich. 13; it cannot usurp the place of an appeal or writ of error: *State v. Taylor* 19 Wis. 595; the omission of defendant's

name from the clause alleging his possession in a complaint before a justice to recover possession of land, nullifies the clause: *Bennett v. Robinson* 27 Mich. 29; the complaint is in the nature of a pleading: *Clark v. Gage* 19 Mich. 512; and a pleading in a statutory proceeding must aver all that is required to bring the facts within the statute: *Green v. Armstrong* 1 Den. 550; *Caswell v. Ward* 2 Doug. (Mich.) 374; *Royce v. Bradburn* id. 377; *Bryan v. Smith* 10 Mich. 232; a particular hour on a specified day must be fixed for the return of a summons: *Roberts v. Warren* 3 Wis. 736.

GRAVES, C. J.  The relator filed his complaint with a justice of the peace under Comp. L., § 6707, to recover from one Charles Jones the possession of certain premises.  A summons was issued by the justice returnable on the 21st of March at 9 o'clock in the forenoon, and was personally served on the same day it was issued.  The parties regularly attended at the time fixed for the return, but the summons had not been handed in.  They remained in attendance until after 10, at which time the constable appeared and made a formal return of the process.

A defect was noticed in the complaint.  That part of it next preceding the prayer for relief was in these terms:  "That he, the said Andrew Olson, is now lawfully entitled to the possession of the said lands and premises with the appurtenances, but that the said———holds the same unlawfully, and against the rights of the complainant; wherefore," etc. The defendant's name was omitted from the blank.

The defendant informed the justice that he appeared specially to object to the proceedings and that he moved to dismiss the complaint, because 1st, the summons was not returned until after 10; and 2d, the complaint did not allege that the defendant or any other person unlawfully held possession.  The justice overruled the motion and defendant abandoned the case.  The plaintiff however went on and recovered judgment.  The defendant then took a special appeal, alleging error on the grounds stated in the motion

made before the justice, and the circuit court reversed the judgment on said grounds and gave costs to the defendant.

The relator applied to this court for a *mandamus* to compel the court below to set aside that reversal, and the usual order having been made the respondent has proceeded to show cause why a *mandamus* ought not to issue. And the objection first in order is that a writ of error and not *mandamus* is the proper remedy. The relator replies— *First*, that the Court in entertaining the application and allowing the order to show cause decided this point and that it is now too late to question the fitness of the proceeding; and *second*, that the case is really a proper one for *mandamus*.

Neither of these positions taken by relator is correct. On examination of the record it is plain that the Court is asked to revise the final judgment of the circuit court upon grounds and matters which appear of record and where everything necessary to a determination would be regularly returnable on writ of error. That the jurisdiction by *mandamus* is not suitable is clear. *Stall v. Diamond* 37 Mich. 429; *O'Brien v. Tallman* 36 Mich. 13; *Mabley v. Judge of Superior Court* 32 Mich. 190; *Wiley v. Circuit Judge* 29 Mich. 487. The cases cited to the point by relator's counsel are distinguishable.

In the next place it is a grave misapprehension to suppose that the point was ruled by the allowance of an order to show cause. It frequently occurs, no doubt, that the Court will not even go so far as to make an order. But when this is so it is because the case is so clear against the relator on the presentation of his papers that the Court is not disposed to assent to any step which contemplates further cost. But the application being *ex parte* it is not to be supposed that the Court, though it allow an order, will consider itself or the defendant, who has not been heard, concluded on the question of the validity and propriety of the remedy. The occasion for a decisive examination of that point in case there is any real ground for a difference of opinion is not presented until both parties are in a position to be heard, and

the proceeding to show cause is the proper proceeding for it. The defendant is then put to the task to show why the remedy sought should not be granted, and it belongs to that inquiry to find out whether *mandamus* is warranted or not. It follows from this that the pending application must be denied.

However, as the whole matter has been gone into and no ·difficulty is felt in regard to the merits, it may lead to beneficial results if an expression upon them is intimated, though informally. The view of the justice was no doubt correct. The defect in the complaint was not jurisdictional nor indeed a serious error. The omission of defendant's name where it occurred was only a clerical omission and there was ·enough in the residue of the complaint to correct it and fill up the blank. It often happens that a court of law is able to apply construction to correct a fault or supply an omission ·on the face of an instrument: *Wilson v. Wilson* 31 E. L. & E. 29–37; *Austin v. Lamar F. Ins. Co.* 108 Mass. 338 ; *Commonwealth v. Taylor* 113 Mass. 1; *Currier v. Bartlett* 122 Mass. 133.

As to return of process. The constable appeared and made an actual return in a little more than an hour later than the time specified. Both parties were present and remained in attendance until the return, and there is no evidence that defendant raised any question during the interim about waiting, or that he was at all prejudiced. It was in the power of the justice to retain the case for a reasonable time, and there is no foundation for saying that the power was exceeded or abused. Whatever is amiss is susceptible of being set right on motion in the circuit court, and should be.

The writ denied with costs.

The other Justices concurred.