REED *v.* ST. CLAIR CIRCUIT JUDGE.

1. MANDAMUS—CERTIORARI TO PROBATE JUDGE—JURISDICTION OF CIRCUIT COURT.

*Mandamus* will not lie to compel a circuit judge to set aside a judgment reversing on *certiorari* an order of the probate court, upon the ground that the respondent had no jurisdiction to hear the matter on *certiorari*, since his action in assuming jurisdiction is reviewable on writ of error.

2. SAME—ORDER TO SHOW CAUSE.

The fact that an order to show cause was issued on an application for *mandamus* is not conclusive that *mandamus* is the proper remedy.

*Mandamus* by Ann Reed to compel Watson Beach, presiding as circuit judge in St. Clair county, to vacate a judgment. Submitted November 14, 1899. Writ denied December 2, 1899.

*John L. Black* and *Herman W. Stevens*, for relator.

*John B. McIlwain* and *Frank Whipple*, for respondent.

LONG, J. Relator presented her petition to the probate court of St. Clair county, alleging she was the widow of Peter W. Reed, deceased, and asking statutory allowance out of his estate. From an order granting an allowance, the matter was removed by *certiorari* to the circuit court. Although a motion was made to dismiss the *certiorari*, the case went to hearing on its merits, and a final judgment was rendered reversing the order of the probate court. Relator now applies for *mandamus* to compel the circuit judge to set aside that final judgment.

The circuit judge returns that the facts were all agreed to, as follows:

1. That on December 26, 1863, Ann Reed left the home of Peter W. Reed, deceased, in the city of Port Huron, during his absence, taking with her her daughter, and leaving in the house two little sons, and never thereafter returned or lived with him as his wife or as a member of his family.

2. That her remaining apart from him after that time was against his will, and in disregard of his repeated requests that she should return to him.

3. That in January, 1867, deceased went to live in Indiana, and on April 29, 1868, he obtained a divorce from Ann Reed in the court of common pleas of Vigo county, Ind., a court of competent jurisdiction; that he returned to Port Huron, July 3, 1868, and on July 22, 1868, was joined in marriage at St. Clair, Mich., to Caroline Jones, and immediately took up his residence in Port Huron, where he resided until his death, May 9, 1898, engaged during all that time in the practice of medicine, the said Caroline Jones Reed living with him openly and publicly as his wife until the fall of 1897, when they separated, and on March 6, 1898, were divorced, on her application, by the circuit court of St. Clair county.

4. That, at the time of deceased's return to Port Huron, Ann Reed was a resident of said city, and continued to reside therein practically all the time to within three or four years of Dr. Reed's death, and for several years within

a block of him, on the same street; that she learned of the Indiana divorce shortly after his return, and knew that he and his second wife were living together as man and wife from shortly after their marriage, in 1868, to the fall of 1898, over 30 years, and took no steps to assert any rights she might have as wife, or to question the Indiana divorce, until November, 1881, as hereinafter stated, and from 1868 to 1881 she supposed she was legally divorced from Peter W. Reed.

5. That on November 28, 1881, Ann Reed filed a bill for separate maintenance against Peter W. Reed in the circuit court for St. Clair county, in chancery, claiming to be his lawful wife, on the hearing of which a decree was rendered by said court in her favor, the court finding ( *a* ) that Ann Reed is, and was, at the time of the commencement of this suit, the lawful wife of Peter W. Reed; ( *b* ) that Peter W. Reed was of sufficient ability to support and maintain her, and did neglect and refuse to provide at all for or contribute towards her maintenance; that that case was reviewed by the Supreme Court, the decree below reversed, and the bill dismissed. *Reed* v. *Reed*, 52 Mich. 117.

6. That, upwards of four years prior to Dr. Reed's death, Ann Reed was not a resident of the State of Michigan, but was living with her son, in the State of Dakota, and came to Port Huron, after his death, in response to a telegram from her son, and has remained here, at her son's request, looking up evidence to contest the will of the deceased.

7. That Peter W. Reed died testate, disposing of his entire estate, which will was admitted to probate in the probate court of said county, from which an appeal was taken by the son and granddaughter to the circuit court, where the same is now pending.

8. That the order of the probate court granting the allowance to Ann Reed, as widow, was made May 2, 1899. *Certiorari* was promptly taken to the circuit court, and although a demurrer was interposed, and a motion to dismiss filed, they were not disposed of as preliminary matters, but, by agreement, the *certiorari* was brought on for hearing on its merits, and a final judgment entered thereon, July 8, 1899, setting aside the order of the probate court.

It is the contention of counsel for respondent (1) that *mandamus* is not the proper remedy, and that the case

should come to this court by writ of error; (2) that the stipulated facts show that Ann Reed is not the widow of Peter W. Reed, deceased, nor a member of his family, and that the order of the probate court was an illegal exercise of authority, in excess of his jurisdiction, and therefore the case was properly brought into the circuit court by writ of *certiorari*, and that court properly set aside the order of the probate court. The main contention of counsel for relator here is that the probate court had jurisdiction to make the order, and, if the order was an appealable one, it must have been removed to the circuit court by appeal, and not by *certiorari*, and therefore that the order made by the circuit court is void.

It is well settled that *mandamus* does not lie when the remedy sought is the revision of a final judgment on matters of record, and when everything necessary to a determination may be returned on a writ of error. *Olson* v. *Muskegon Circuit Judge*, 49 Mich. 85. Neither will *mandamus* lie where there is any other adequate remedy. See *Mardian* v. *Wayne Circuit Judge*, 118 Mich. 353, and cases there cited. The same rule was applied in *Michigan Mut. Fire Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270, and it was said : "If the court claims jurisdiction in a case where it is not entitled to exercise it, such action of the court can be reviewed by appeal or writ of error. In such a case, the writ of *mandamus* ought not to issue." In *Olson* v. *Muskegon Circuit Judge*, *supra*, it was said : "On examination of the record, it is plain that the court is asked to revise the final judgment of the circuit court upon grounds and matters which appear of record, and where everything necessary to a determination would be regularly returnable on writ of error. That the jurisdiction by *mandamus* is not suitable is clear,"— citing *Stall* v. *Diamond*, 37 Mich. 429; *O'Brien* v. *Tallman*, 36 Mich. 13; *Mabley* v. *Judge of Superior Court*, 32 Mich. 190; *Wiley* v. *Allegan Circuit Judge*, 29 Mich. 487.

The fact that an order to show cause was issued in the

present case did not rule the question that *mandamus* was the proper remedy.    As was said in *Olson* v. *Muskegon Circuit Judge:*

"It frequently occurs, no doubt, that the court will not even go so far as to make an order; but, when this is so, it is because the case is so clear against the relator on the presentation of his papers that the court is not disposed to assent to any step which contemplates further cost.    But the application being *ex parte*, it is not to be supposed that the court, though it allow an order, will consider itself or the defendant, who has not been heard, concluded on the question of the validity and propriety of the remedy."

Since the return of the present case into this court, we are able to see just what the real controversy is, and what was stipulated to in the court below.    The circuit court held that it had jurisdiction to hear the case from the probate court on *certiorari.*    Relator contends that the circuit court had no jurisdiction to hear it on *certiorari.* The case falls so squarely within what was said by us in *Michigan Mut. Fire Ins. Co.* v. *Wayne Circuit Judge* on this point that no further discussion is necessary to show that *mandamus* is not the proper remedy.    In view of this, we are not called upon to discuss or decide the other questions.

The writ of *mandamus* must be denied.

The other Justices concurred.