## MORAN v. WAYNE CIRCUIT JUDGE.

CORPORATIONS—RECEIVER—MANDAMUS.

   \* 1. A creditor, stockholder, or officer may be appointed receiver of a corporation.

   2. Relators filed a petition against the receiver of a corporation, charging him with misconduct and misappropriation of its funds as an officer of such corporation, and praying for his removal, and a personal decree against him for moneys misappropriated. The petition was dismissed upon the hearing. *Held,* that mandamus is not the proper remedy, but that appeal is the sole remedy.

*Mandamus* by Fred T. Moran and Worthy L. Churchill to compel George S. Hosmer, circuit judge of Wayne county, to enter an order removing a receiver. Submitted July 3, 1900. Writ denied October 31, 1900.

Relators are owners of a judgment for $14,170 against the Detroit Driving Club, a corporation organized under the laws of this State. Execution upon this judgment was levied November 23, 1899, on the race track and

\* Head-notes by GRANT, J.

grounds of said club, in the city of Detroit.   Relators
became the owners of this judgment by assignment after
such levy.   No sale has been made, and nothing done
under the levy.   Daniel J. Campau is the largest stock-
holder and president of said club.   Campau and two
others, as plaintiffs, on March 3, 1899, recovered a judg-
ment against the club for $18,366.   On March 30th of the
same year the same parties recovered another judgment
against said club for $10,343.72.   Levies upon the race
track and grounds were made under executions issued
upon these two judgments.   Execution upon the latter
judgment was returned *nulla bona.*   April 24, 1899,
Campau filed a judgment creditor's bill, and asked for the
appointment of a receiver.   On December 7th following,
Mr. Campau was appointed receiver.   On December 28,
1899, Campau filed a petition setting forth the condition
of the club, its indebtedness, the amount required. to pay
interest on the bonds and to keep up insurance; asking
for authority to conduct the race meetings for the season
of 1900, and borrow money to pay interest, taxes, etc.
On December 29th an order was made granting the
prayer of the petition.   Mr. Campau gave bonds, bor-
rowed money, and advertised the race meetings.   On
February 2, 1900, relators filed an intervening petition,
setting forth their judgment against the club; execution
and levy; Mr. Campau's connection with the club; charg-
ing him with neglect of duty as an officer of the club; the
failure to keep his agreement with them and their as-
signor; charging that one of the principal features of the
trotting meetings is gambling, known as "auction pools,"
"Paris mutuals," and "book making;" and alleging, on
information and belief, that Mr. Campau intends to con-
tinue such business as a feature of the races.   The prayer
of the petition was for the removal of Mr. Campau as
receiver; that he be required to account for his manage-
ment of the affairs of the club; and for a personal decree
against him for the amount due.   Campau filed answers
individually and as receiver to this petition, fully denying

all the material allegations, which allegations were mainly on information and belief. In his answers he reserved all benefit of demurrer to said petition, and denied that petitioners had stated such a cause as entitled them to relief. Relators took no further steps until June 20, 1900, when they made a motion, to be heard on June 25th, for the removal of Mr. Campau as receiver. An order or decree was entered denying the motion, and dismissing relators' petition.

*Fred A. Baker,* for relators.

*Moore & Moore* (*Otto Kirchner,* of counsel), for respondent.

GRANT, J. (*after stating the facts*). 1. New conditions have arisen since the case was submitted, and meanwhile the time for the races has passed. There is therefore no occasion to determine the question whether relators are entitled, in this form of action, to restrain what they assert to be gambling contracts, and to have the receiver removed on that ground.

2. We find no occasion to interfere with the action of the court below in appointing Mr. Campau, and in refusing to remove him. Under our law and decisions, a creditor or officer, or any of the stockholders, of a corporation, may be appointed receiver. Section 10860, 3 Comp. Laws 1897; *Covert* v. *Rogers,* 38 Mich. 368 (31 Am. Rep. 319); *Gypsum Plaster & Stucco Co.* v. *Kent Circuit Judge,* 105 Mich. 498 (63 N. W. 518).

3. The merits of relators' petition appear to have been argued and disposed of without objection to such hearing in the court below. An order or decree was entered dismissing the petition. This was a final order, and can only be reviewed on appeal.

The writ is denied.

The other Justices concurred.