CATTERMOLE *v.* IONIA CIRCUIT JUDGE.

CAPIAS AD RESPONDENDUM—QUASHING WRIT—MANDAMUS.

> *Mandamus* will not lie to compel a circuit judge to vacate an order quashing a writ of *capias ad respondendum*, since the order is final, and reviewable on error.

*Mandamus* by Walter J. Cattermole to compel Frank D. M. Davis, circuit judge of Ionia county, to set aside an order quashing a writ of *capias ad respondendum*. Submitted February 2, 1904. (Calendar No. 20,339.) Writ denied April 5, 1904.

*Miller & McKenna* and *Chaddock & Scully*, for relator.

*A. A. Ellis*, for respondent.

GRANT, J. The relator obtained the arrest of one Reuben E. Van Houten on a *capias ad respondendum.* The court, on the motion of Van Houten's attorneys, quashed the writ and proceedings thereunder, and discharged the defendant. The relator, plaintiff in the suit, applies to this court for the writ of *mandamus* to review this judgment of the court and compel it to be set aside.

Is *mandamus* the proper remedy? It is a rule of almost universal application that this writ will not be entertained when there is another complete and adequate remedy. The judgment or order in this case is final. It has disposed of the plaintiff's case as effectually as though there had been a trial and judgment. He clearly has a remedy by writ of error. *Sheridan* v. *Briggs*, 53 Mich. 569 (19 N. W. 189); *Paulus* v. *Grobben*, 104 Mich. 42 (62 N. W. 160); *Shaw* v. *Ashford*, 110 Mich. 534 (68 N. W. 281); *De Long* v. *Briggs*, 47 Mich. 625 (11 N. W. 412); *Brown* v. *Kelley*, 20 Mich. 27; *Marble* v. *Curran*, 63 Mich. 283 (29 N. W. 725).

In *Dages* v. *Sanilac Circuit Judge*, 122 Mich. 490 (81 N. W. 355), the circuit court entered an order quashing a writ of replevin with costs, and the plaintiff sought to review the case in this court by *mandamus*. It was held that the order was final, and was reviewable upon writ of error, citing several authorities, and the writ was denied.

It is true that we have recently entertained applications of this character, but evidently the question of remedy was not raised. In principle we see no difference between this and *Dages* v. *Sanilac Circuit Judge*, and the other cases cited.

It follows that the writ must be denied.

The other Justices concurred.

HOOKER, J. (*concurring*). The quashing of the writ or service in a case, upon a motion to quash, has often been raised in different classes of cases, such as *capias*, attachment, summons, declaration, garnishment, and replevin, and in many of them the orders or judgments have been set aside on *mandamus*. In the majority of these, opinions have not been written, and there is little to indicate the considerations which actuated the court, where, if in any of them, it has omitted to apply the rule that "*mandamus* will not lie where there is a remedy by writ of error or appeal." In no case, so far as we have discovered, has the court failed either to apply the rule or give a reason for not doing so, where it has been called to its attention. That there may have been some liberality exercised by the court where the question of the propriety of the remedy was not raised is probable, and, as was said by Mr. Justice MOORE in the case of *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 271 (70 N. W. 582), the decisions have not been uniform:

" In view of the growing frequency of applications for *mandamus* asking this court to review the action of subordinate courts, resulting in overloading this court with work which does not finally dispose of the case, it becomes

important to decide whether, in a situation like the one at bar, the writ should issue. We are aware that the decisions of this court have not been uniform, and for that reason it is difficult to lay down a rigid rule which shall be followed in all cases. As the writ is a discretionary one, perhaps it is not desirable that an inflexible rule should be established. We think, however, a review of the decisions will indicate, in a general way, when the writ should, and when it should not, issue. It is a general rule that the writ will not lie where the law has provided another remedy. It is said a writ of *mandamus* issues because there is no other adequate remedy, and justice and good government require a redress of the wrong. A court will not be required by this writ to take any action when another remedy is provided. It will not take the place of an appeal or writ of error. Merrill, Mand. §§ 201, 209. To this rule an exception is made if the slowness of ordinary legal forms is likely to produce such immediate injury or mischief as ought to be prevented. Merrill, Mand. § 198; *People* v. *Cass Circuit Judge*, 39 Mich. 410; *Talbot Paving Co.* v. *Detroit Common Council*, 91 Mich. 262 (51 N. W. 933). The writ will be entertained when the court has refused to retain jurisdiction, supposing it had no jurisdiction when it had jurisdiction in fact, because, if the writ was not entertained under such circumstances, the party would be without remedy. On the contrary, if the court claims jurisdiction in a case where it is not entitled to exercise it, such action of the court can be reviewed by appeal or writ of error. In such a case the writ of *mandamus* ought not to issue."

When that opinion was written, it was the deliberate intention of the court to reduce the practice by *mandamus* to uniformity, so far as practicable, with reference to the disposition of cases upon jurisdictional questions, denying the writ, under the well-settled rule, where jurisdiction was retained. But the case clearly recognizes the rule that *mandamus* should not issue where error or appeal will lie, except where the slowness of legal forms is likely to produce immediate *injury or mischief*, which ought to be prevented. There are cases of the quashing of writs and the dismissal of cases—both final orders—where the remedy by writ of error is not available, and there *manda-*

*mus* lies, because the record will not show the error.   But there are others where the records show the error, and in such cases *mandamus* will not ordinarily. lie.   Exceptional conditions of exigency may justify the issue of the discretionary writ in both classes of cases.

That the foregoing is the proper method of applying the remedies is not only indicated by the case of *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge, supra,* but it is expressly stated in the recent case of *Dages* v. *Sanilac Circuit Judge,* 122 Mich. 490 (81 N. W. 355), filed two years after the former case, and when the discussion of the former case was fresh in the minds of all, in which exactly this distinction is shown, and authorities cited showing that *mandamus* had been sustained where a writ of error would not raise the point, and denied when it appeared in the record.   Thus, in replevin brought in the circuit court, the court held that error was the proper remedy, because the record showed the error.   *Pingree* v. *Steere,* 68 Mich. 204 (35 N. W. 905), was a similar case.

In *Olson* v. *Muskegon Circuit Judge,* 49 Mich. 85 (13 N. W. 369), the circuit court reversed a case on special appeal from justice's ·court, and gave judgment, upon grounds, raised before the justice, going to the jurisdiction.   Application was then made for a *mandamus* to compel the circuit court to vacate his order and proceed with the case.   It was there said :

"On examination of the record, it is plain that the court is asked to revise the final judgment of the circuit court upon grounds and matters which appear of record, and where everything necessary to a determination would be regularly returnable on writ of error.   That the jurisdiction by *mandamus* is not suitable is clear.   *Stall* v. *Diamond,* 37 Mich. 429; *O'Brien* v. *Tallman,* 36 Mich. 13; *Mabley* v. *Judge of Superior Court of Detroit,* 32 Mich. 190;   *Wiley* v. *Allegan Circuit Judge,* 29 Mich. 487.   The cases cited to the point by relator's counsel are distinguishable."

A case involving a similar question is *Orth* v. *Montcalm Circuit Judge,* McGrath, Mand. Cas. No. 717.

There a death was suggested and a cause revived. On the
case being called up for trial, it was dismissed on motion,
for the reason that the action did not survive. An order
to show cause was denied June 2, 1896, on the ground
that relator's remedy was writ of error.

These cases are all cited in *Dages* v. *Sanilac Circuit
Judge.*

In this connection we call attention to *People, ex rel.
Brower,* v. *Judge of Wayne County Court,* 1 Mich. 359.
In that case relators appealed to the county court from a
justice's judgment. The court dismissed the appeal for
want of jurisdiction, no recognizance having been filed.
A *mandamus* was asked, and it was denied. The court
said:

"Upon these facts, this court is asked for a *mandamus*
to compel the judge of the county court to undo what he
has done, to reinstate the cause in his court, to permit the
relators to file an amended recognizance, and to proceed
to the trial of the cause.

"It is a well-settled rule, already recognized in several
cases in this court, that a *mandamus* does not lie when
the party has another and an adequate remedy. By sec-
tion 67 of the act of 1849 [Act No. 219, Laws 1849], to
consolidate the laws in relation to county courts, and for
other purposes, it is provided that 'in all cases of judg-
ment rendered by such court in any civil suit, either party
thinking himself aggrieved or injured by such judgment,
or by any opinion or direction of the court, may remove
the cause by bill of exceptions, *certiorari,* or writ of
error into the circuit court for the same county in which
such judgment was rendered.' It is said that an order
dismissing an appeal is not a judgment, within the mean-
ing of this section.

"In Massachusetts, an appeal was given by the statute
from any judgment of the common pleas to the supreme
court. Under this law it has been repeatedly decided by
the supreme court of that State that any *order* of the com-
mon pleas which determined the cause in that court was a
judgment, within the meaning of the law, from which an
appeal lay."

The court continued:

"In *Bemis* v. *Faxon*, 2 Mass. 141, it was decided that a motion granted in arrest of judgment in the common pleas came within the statute.

"In *Tappan* v. *Bruen*, 5 Mass. 194, the writ had been issued against Matthias Bruen and James Bruen, and the common pleas dismissed the action for want of service of the process upon James.   The supreme court said—

" 'That, as an appeal only lay from the final decision of the common pleas, it has been doubted, as the appeal in terms is given to the party aggrieved at the *judgment,* whether an appeal lies from an *order* of that court finally determining the action there.   If this provision is to extend only to judgments, technically considered, the party would be without remedy, if he had no day in court given him by an order to arrest the judgment, or to stay all proceedings in any action, which certainly could not be the intent of the *statute.*'

"In *Wood* v. *Ross*, 11 Mass. 271, the court, after referring to the previous adjudications, and affirming the doctrine that an appeal lay under their statute from any order calculated to terminate the suit, such as an order to stay all proceedings, say:

" ' Otherwise the court of common pleas, by refusing to enter a regular judgment, might oust this court of its appellate jurisdiction, given for the security of the citizens.'

"The order of dismissal by the county court put an end to this cause in that court; and, unless such order be considered a judgment which may be reviewed upon *certiorari* in the circuit court, such order would, it appears to me, be final and conclusive upon the parties, and, in the language of the Massachusetts cases, the party aggrieved would be without remedy.

"The party, then, whose appeal has been dismissed by the county court, being provided with a remedy by the statute, I might stop here with the answer this affords to the present application.   But the right of the party to a peremptory *mandamus* having been placed upon the ground of the inadequacy of the remedy by *certiorari,* and the question having been fully argued, I think it well for this court to express its opinion upon what I consider to be the well-established rule of this court in the exercise of its authority by *mandamus* over inferior judicial tribunals; and that is that it will compel them to proceed

to act, but never direct them how to act, and this irrespective of the question whether the party has another remedy or not.

"In the case of *United States* v. *Lawrence*, 3 Dall. 42, it was determined by the Supreme Court of the United States, clearly and unanimously, after full argument, that, although they might command an inferior judge to proceed to judgment, yet they had no power to compel him to decide according to the dictates of any judgment but his own.

"In *Ex parte Hoyt*, 13 Pet. 290, the Supreme Court say:

"'It has been repeatedly declared by this court that it will not, by *mandamus*, direct a judge what judgment to enter in a suit, but only will require him to proceed to render judgment.'

"The same principle is laid down in Massachusetts. *Chase* v. *Canal Co.*, 10 Pick. 244; *In re Strong*, 20 Pick. 495.

"The case of *People, ex. rel. Doughty*, v. *Judges of Dutchess C. P.*, 20 Wend. 658, is analogous to the one now before us. The common pleas had dismissed an appeal from the judgment of a justice upon the ground of a want of jurisdiction, the affidavit and appeal bond reciting a judgment as rendered by the justice on the 11th day of March, whereas the return of the justice showed a judgment rendered on the 12th day of that month. The alternative writ required the judges of the common pleas to vacate the rule quashing the appeal, and to deny the motion to quash the appeal, or to show cause, etc. Bronson, J., delivering the opinion of the court, said:

"'This presents an important question in relation to the appropriate office of the writ of *mandamus*. The court of common pleas, acting within the scope of its jurisdiction, has heard and decided a matter properly brought before it for adjudication, and the question is whether we can, by *mandamus*, require that court to undo what it has done, on the ground that the decision was erroneous. I am of the opinion that we possess no such power. I shall not stop to inquire whether the order quashing the appeal was such a final judgment upon the rights of the parties as may be reviewed by writ of error, nor whether the relator has any other remedy. *Com.* v. *Judges of C. P.*, 3 Bin. 273. I place my opinion upon the broad ground that the writ of *mandamus* cannot be awarded for the correction of judicial errors.'

"After referring to various authorities, English and American, the judge says:

"'In general, a *mandamus* will not be awarded where the party has another legal remedy; but the converse of the proposition does not hold true. There are many cases where, although the party has no other remedy, a *mandamus* will not lie.'

"So in *Elkins* v. *Athearn*, 2 Denio, 191, the supreme court of New York refused to entertain a motion for a *mandamus* to compel the judges of the superior court of the city of New York to vacate a rule opening a judgment to enable a defendant to plead a bankrupt discharge, though it was urged that the order interfered with vested rights. The supreme court said:

"'The court acted judicially in making the order, and, whether they were right or wrong, it is settled that judicial errors cannot be corrected by *mandamus*. The writ will be awarded to set an inferior court in motion when it has refused to act, but not for the purpose of requiring the court to come to any particular decision, nor to retrace its steps when it has already acted.'"

A similar case is *Detroit, etc., R. Co.* v. *Eaton Circuit Judge*, 128 Mich. 495, 499 (87 N. W. 641), where an appeal from justice's court was dismissed in the circuit, and *mandamus* was held not to be the proper remedy. See, also, *Moran* v. *Wayne Circuit Judge*, 125 Mich. 6 (83 N. W. 1004), *Mardian* v. *Wayne Circuit Judge*, 118 Mich. 353 (76 N. W. 497), and *Steel* v. *Clinton Circuit Judge*, 133 Mich. 695 (95 N. W. 993), for a general discussion of the subject.

In my opinion, these cases are conclusive of this case. And the case of *Dages* v. *Sanilac Circuit Judge* will be found consistent with the early and late cases, if not with all of the memorandum cases claimed to be at variance with it.

The writ should be denied.

The other Justices concurred.