HARTZ v. WAYNE CIRCUIT JUDGE.

1. MANDAMUS—CERTIORARI—APPEAL AND ERROR.
   A finding of the circuit court, on certiorari, for the purpose of reviewing proceedings to lay out a highway, that no error was shown that would require a reversal of the action of the defendant highway commissioner, constitutes a final judgment, reviewable on error or certiorari in the Supreme Court.

2. SAME—ADEQUATE REMEDY—JUDGMENT.
   Mandamus is not the proper remedy to revise a final judgment on matters of record, which may be returned and examined on certiorari.

Mandamus by John C. Hartz against James O. Murfin, circuit judge of Wayne county, to compel the respondent to vacate an order dismissing a writ of certiorari and to quash certain proceedings of Berton D. Brown, highway commissioner, to open a highway. Submitted November 29, 1910. (Calendar No. 24,272.) Writ denied December 22, 1910.

*Keena, Lightner & Oxtoby*, for relator.

*C. C. Yerkes*, for respondent.

STONE, J. In this cause petitioner seeks to review by mandamus the action of the circuit judge in dismissing proceedings pending in the circuit court upon certiorari issued to the commissioner of highways of the township of Plymouth, and the clerk of said township, whereby petitioner sought to review certain proceedings had for the purpose of opening a highway in said township. An order to show cause was granted herein, and the respondent has answered.

It appears that the circuit judge disposed of the certiorari case upon its merits, as will appear by the following excerpt from his written finding:

"A re-examination of the record and of the case, is convincing that no error affirmatively appears such as requires a reversal. For that reason the writ of certiorari may be dismissed."

It is very clear that this was a final judgment upon the merits of the case.

Counsel for respondent contends that petitioner is in error in attempting to bring the case to this court by mandamus, and that his proper remedy, if any, is by writ of error, or certiorari.

It is settled by a long line of decisions in this State that mandamus is not the proper proceeding where the relief sought is the revision of a final judgment of matters of record, and where everything necessary to a determination may be returned on a writ of certiorari. *Wiley* v. *Allegan Circuit Judge*, 29 Mich. 487; *Mabley* v. *Judge of Superior Court*, 32 Mich. 190; *O'Brien* v. *Tallman*, 36 Mich. 13; *Stall* v. *Diamond*, 37 Mich. 429; *Olson* v. *Muskegon Circuit Judge*, 49 Mich. 85 (13 N. W. 369); *Reed* v. *St. Clair Circuit Judge*, 122 Mich. 153 (80 N. W. 985); *Dages* v. *Sanilac Circuit Judge*, 122 Mich. 490 (81 N. W. 355).

In the last-cited case it was held that mandamus will not lie to compel a circuit judge to vacate an order quashing, with costs, a writ of replevin, since the order is final, and reviewable on error. To the same effect is *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274 (99 N. W. 1), relating to an order quashing a writ of *capias ad respondendum*.

Unless the writ of certiorari is to lose its office, it should be resorted to here. The writ will be denied on this ground.

Writ denied.

BIRD, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.