MEYERING *v.* WAYNE CIRCUIT JUDGE.

JUDGMENT—MANDAMUS—ADEQUACY OF WRIT OF ERROR.

The correction of a record of judgment, entered on plaintiff's consent to withdraw a juror, the record showing erroneously that plaintiff discontinued the cause, may be made on writ of error, which is the proper remedy to review a final judgment, and mandamus will not lie to compel such correction.

Mandamus by John H. Meyering and J. Ralph Meyering against James O. Murfin, one of the circuit judges for the county of Wayne, to compel the correction of a judgment entry. Submitted October 25, 1910. (Calendar No. 24,269.) Writ denied March 13, 1911.

*Jefferson G. Thurber,* for relators.

*A. G. Pitts,* for respondent.

STONE, J. Relators, who were plaintiffs in the court below, instituted a suit in justice's court to recover certain commissions on the sale of real estate. From a judgment for the plaintiffs the defendants appealed to the circuit court. The case came on for hearing before the circuit judge with a jury on April 21, 1910. Immediately after the plaintiffs opened their case, a colloquy occurred between the circuit judge and plaintiffs' counsel as to the sufficiency of the declaration, the circuit judge holding that the declaration was insufficient and that the plaintiffs could not amend, it being an appeal case. The following language was used:

" *The Court:* If you prefer to discontinue I will permit you to withdraw a juror and discontinue. If you should go on I shall be compelled to direct a verdict against you "—

To which the plaintiffs below, the relators here, by their counsel, responded:

"Under the circumstances, I will take the only course, and that is permission to withdraw a juror.

"*The Court* (to the clerk): Make an entry that a juror is withdrawn and plaintiff discontinues his case in open court."

And thereupon the journal entry shows the impaneling and swearing of the jury, their sitting together and hearing the opening of counsel and the testimony in part:

"Whereupon the court allowed plaintiffs' attorney to withdraw a juror and the case was discontinued in open court, and the jury discharged from further consideration of the case."

Subsequently plaintiffs' attorney made a motion to amend their declaration, and for an order granting a new trial, and for the setting of said cause down for immediate hearing. This motion was denied on May 7. On May 28, 1910, a further order was entered allowing the plaintiffs 20 days to move for a new trial, and 60 days to settle bill of exceptions after entry of judgment. Subsequently a motion was made for the correction of the record, which motion was denied on July 9, 1910, and to which ruling plaintiffs' counsel excepted. Petition for mandamus was filed praying that the circuit judge be commanded to correct the record in said cause, so as to show that the plaintiffs therein had simply withdrawn a juror and had not discontinued their cause of action. Upon this petition an order to show cause was made, and the respondent has answered, setting forth the proceedings as above related in substance.

It is very clear to us that the order entered by the circuit judge amounted to a final judgment. If it was consented to by relators they have no remedy. If it shall turn out that they did not consent to the judgment, relators have an adequate remedy by writ of error, the order or judgment being final, and reviewable upon error under the repeated decisions of this court. We cite the following in support of this conclusion: *Haney* v. *Muskegon Circuit Judge*, 101 Mich. 392 (59 N. W. 662);

*Reed* v. *St. Clair Circuit Judge*, 122 Mich. 153 (80 N. W. 985); *Steel* v. *Clinton Circuit Judge*, 133 Mich. 695 (95 N. W. 993); *Blackburn* v. *Alpena Circuit Judge*, 136 Mich. 48 (98 N. W. 754); *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274 (99 N. W. 1); *Hartz* v. *Wayne Circuit Judge*, *ante*, 31 (129 N. W. 15), and cases there cited.

The writ is therefore denied.

OSTRANDER, C. J., and BIRD, HOOKER, and MOORE, JJ., concurred.