## TAYLOR v. OTTAWA CIRCUIT JUDGE.

1. ATTACHMENT—VENUE—STATUTES.

    The circuit judge of one county is authorized to issue body executions against an individual in both the county wherein the judge presides and the county where the body of the individual may be had, although the pertinent statute is silent as to how the individual may be returned to the county issuing the execution (CL 1948, § 623.10).

2. MANDAMUS—CERTIORARI.

    Mandamus is not the proper proceeding to obtain the revision of a final judgment of matters of record and where everything necessary to a determination may be returned on a writ of certiorari.

3. SAME—DISCRETION OF OFFICER.

    Plaintiff must have a clear legal right to the performance of the specific duty to be compelled in order to be entitled to mandamus and defendant must have the clear legal duty to perform such act which must be a ministerial act, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

4. SAME—QUASHAL OF SERVICE OF BODY EXECUTIONS—DISCRETION OF COURT—CERTIORARI.

    Mandamus will not lie to compel circuit judge to set aside order denying plaintiff's motion to quash service of body executions upon plaintiff in 2 different counties by circuit judge presiding in 1 of such counties, where the circuit judge had occasion to construe a pertinent statute, in making the order complained of, hence, it was not a ministerial duty; the remedy available being an appeal in the nature of certiorari (CL 1948, § 623.10).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur, Executions §§ 697, 711.
[2] 34 Am Jur, Mandamus § 50.
[3] 34 Am Jur, Mandamus §§ 55, 70
[4] 34 Am Jur, Mandamus § 72.

Petition by Francis M. Taylor for writ of mandamus to compel Raymond L. Smith, Ottawa county circuit judge, to quash service of body executions. Submitted June 21, 1955. (Calendar No. 46,470.) Writ denied October 3, 1955.

*Boeschenstein, Lidke & Sanford (John P. Boeschenstein, of counsel),* for plaintiff.

*Howard W. Fant,* for defendant.

SHARPE, J. This is a petition for a writ of mandamus following an order denying plaintiff's motion to quash service of the body executions issued against him. The facts are not in dispute and are as follows: Plaintiff was arrested and convicted of embezzlement from Carl Berg and sentenced for a term to Southern Michigan Prison at Jackson. On April 23, 1953, a decree was entered in the amount of $26,169.67 plus costs and interest against plaintiff. The decree provided that in case of default of payment Carl Berg would have execution thereof. On November 1, 1954, plaintiff was to be released on parole, but prior to his release the circuit judge of Ottawa county authorized the issuance of 2 body executions, one to the sheriff of Jackson county and one to the sheriff of Ottawa county.

Pursuant to the body execution issued to the sheriff of Jackson county, plaintiff was apprehended in Jackson county and placed in the county jail in Jackson county. On November 1, 1954, plaintiff was returned to Ottawa county by an undersheriff of Ottawa county and placed in the Ottawa county jail.

A return to the body execution issued to the sheriff of Jackson county was executed by a deputy sheriff of said county dated November 1, 1954, showing the taking and custody of the body of Francis M. Taylor. A return to the body execution issued to the sheriff

of Ottawa county was executed by an undersheriff of said county dated November 1, 1954, showing the taking and custody of the body of Francis M. Taylor. Both returns were filed in the cause of Carl Berg against Francis M. Taylor on November 4, 1954.

On January 13, 1955, plaintiff filed a petition in the Supreme Court for a writ of mandamus directing the circuit judge of Ottawa county to quash service of the body executions. Upon the filing of the above petition we issued an order to show cause directed to the circuit judge. On March 22, 1955, the circuit judge filed an answer to the above petition in which we find the following:

"(1) That mandamus is not the proper action for review of the order of the court denying petitioner's motion to quash service of the body executions in the instant case.

"(2) That if mandamus be held to be the proper action, petitioner has not properly complied with the provisions of Michigan Court Rule No 60 (1945) in that the matter here involved is in the nature of appeal and petitioner failed to first obtain leave to appeal in the nature of mandamus and there has been no application in proper form in accordance with the provisions of Rule No 60.

"(3) That petitioner has no clear legal right to the relief sought and there is no clear legal duty on the part of the defendant to perform the act sought to be compelled.

"(4) That petitioner has not been denied any substantial right in the service of the body executions issued by the circuit court for the county of Ottawa as would entitle him to a writ of mandamus."

The statute involved is CL 1948, § 623.10 (Stat Ann § 27.1510) which reads as follows:

"Executions, whether against the property of any person, or against the body of any person, for the collection of judgments and decrees of courts of

record in this State, may be issued at the same time to sheriffs of different counties and enforced therein by them, but no execution against the body of any person shall issue, while there is an execution against his property not returned, nor shall an execution against the property of any person be issued while there is an execution against his body unreturned, unless by order of the court rendering such judgment or decree."

Plaintiff urges that an undersheriff of Ottawa county had no right to take the body of plaintiff in Jackson county and imprison him in Ottawa county. Plaintiff relies on *Higgins* v. *Hampshire Products, Inc.,* 319 Mich 674 (175 ALR 1083), where we held that a sheriff has no jurisdiction to serve process outside the limits of his own county unless specially authorized to do so. The facts and law involved in the above case are not controlling of the issue in the case at bar. Under the above act the circuit judge was authorized to issue body executions against plaintiff in both Ottawa and Jackson counties. We note that the above statute is silent as to how the body of a person, taken under body execution, is to be returned to the jurisdiction of the county issuing the body execution. In coming to our conclusion on the issue involved herein, we note that there was a final decision and judgment by the Ottawa circuit judge upon the motion of plaintiff to quash the service of the body executions in the case at bar. In *Hartz* v. *Wayne Circuit Judge,* 164 Mich 35, 36, we said:

"It is settled by a long line of decisions in this State that mandamus is not the proper proceeding where the relief sought is the revision of a final judgment of matters of record, and where everything necessary to a determination may be returned on a writ of certiorari. *Wiley* v. *Allegan Circuit Judge,* 29 Mich 487; *Mabley* v. *Judge of Superior Court,* 32

Mich 190; *O'Brien* v. *Tallman,* 36 Mich 13; *Stall* v. *Diamond,* 37 Mich 429; *Olson* v. *Muskegon Circuit Judge,* 49 Mich 85; *Reed* v. *St. Clair Circuit Judge,* 122 Mich 153; *Dages* v. *Sanilac Circuit Judge,* 122 Mich 490.

"In the last-cited case it was held that mandamus will not lie to compel a circuit judge to vacate an order quashing, with costs, a writ of replevin, since the order is final, and reviewable on error. To the same effect is *Cattermole* v. *Ionia Circuit Judge,* 136 Mich 274, relating to an order quashing a writ of *capias ad respondendum.*

"Unless the writ of certiorari is to lose its office, it should be resorted to here. The writ will be denied on this ground."

In *Toan* v. *McGinn,* 271 Mich 28, 34, we said:

"The applicable rules are clear. To support mandamus, plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; defendants must have the clear legal duty to perform such act; and it must be a ministerial act, one 'where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.' 38 CJ, Mandamus, § 72, p 598. See, also, *Globe Indemnity Co.* v. *Richer,* 264 Mich 224; *Sezor* v. *Proctor & Gamble Soap Co.,* 267 Mich 128."

It is well established that mandamus will not be granted when the action of the court is not ministerial and involves the exercise of judgment. In the case at bar the circuit judge had occasion to construe the statute relating to body executions. It was not a ministerial duty. Plaintiff's remedy from the order denying the quashing of the writ was by appeal in the nature of certiorari. There was no clear legal right on the part of plaintiff to have the writ quashed and there was no clear legal duty on the part of the circuit judge to quash the writ.

The writ of mandamus is denied, with costs to defendant.

CARR, C. J., and BUTZEL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.

SMITH, J., took no part in the decision of this case.