MELLON *v.* BOARD OF EDUCATION OF THE FITZ-
GERALD PUBLIC SCHOOLS

1. MANDAMUS—SUPERINTENDING CONTROL—SCHOOLS AND SCHOOL
DISTRICTS.
    Order of superintending control in the nature of mandamus
    requiring a full hearing on a teacher's direct grievance peti-
    tion to a school board was improperly issued where that
    teacher did not have a statutory or contractual right to a full
    hearing on her petition (GCR 1963, 711.2).

2. LABOR RELATIONS—PUBLIC EMPLOYEES—TEACHERS—GRIEVANCES
—DIRECT NEGOTIATION.
    A teacher, as a public employee, may, by statute, present his
    grievances to a school board without the delay or formality
    of grievance procedures and that employer may negotiate
    directly with an individual teacher without being in violation
    of statutes which proscribe unfair labor practices and evasion
    of the collective bargaining agreements provided that the ad-
    justment is not inconsistent with the terms of a collective
    bargaining contract and that the bargaining representative
    has been given opportunity to be present at the adjustment
    (MCLA §§ 423.210, 423.211, 423.215).

3. SCHOOLS AND SCHOOL DISTRICTS—LABOR RELATIONS—TEACHERS—
INDIVIDUAL GRIEVANCES.
    A school board has the power to settle individual grievances of
    teachers without the intervention of their bargaining rep-
    resentative provided that the adjustment is not inconsistent
    with the terms of a collective bargaining contract and that
    the bargaining representative has been given opportunity to
    be present at the adjustment but a board may elect to proceed
    under the procedures of a collective bargaining agreement
    in the first place rather than risk rebargaining over the same
    issue (MCLA § 423.211).

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Mandamus §§ 200, 203.
[2, 3] 48 Am Jur 2d, Labor and Labor Relations § 1193.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 February 6, 1970, at Lansing. (Docket No. 6,541.)   Decided February 26, 1970.

Complaint by Marilyn Mellon against the Board of Education of the Fitzgerald Public Schools, for a writ of superintending control. Writ issued. Defendant appeals. Reversed and remanded.

*Ross & Bruff,* for plaintiff.

*Steve S. Michaels,* for defendant.

*Amicus Curiae:* the Fitzgerald Education Association (by *Levin, Levin, Garvett & Dill* [*Erwin B. Ellmann* and *Harvey I. Wax,* of counsel]).

Before: LESINSKI, C. J., and McGREGOR and QUINN, JJ.

LESINSKI, C. J. As a result of a certification election, the Fitzgerald Education Association (FEA)[1] is the exclusive representative for collective bargaining purposes of all 287 teachers employed by defendant Board of Education of the Fitzgerald Public Schools. See MCLA § 423.209 (Stat Ann 1968 Rev § 17.455[9]) and MCLA § 423.211 (Stat Ann 1968 Rev § 17.455[11]). Pursuant to this authority, the FEA and defendant entered into a collective bargaining agreement covering wages, hours and other terms and conditions of employment of the 287 Fitzgerald school system teachers, for the period of July 1, 1968, through June 30, 1970.

Pursuant to MCLA § 423.215 (Stat Ann 1968 Rev § 17.455[15]), and § 423.211, *supra,* the collective

---

[1] The Fitzgerald Education Association has been permitted to file a brief *amicus curiae* in this case.

bargaining agreement established detailed procedures for the handling of teacher complaints, questions and grievances concerning wages, hours, and other terms and conditions of employment.

Plaintiff Marilyn Mellon is a teacher employed by the defendant Board of Education and is a beneficiary of the above collective bargaining agreement. She apparently became aggrieved of certain actions, including harassment and reassignment, by her school principal. Although recognizing the procedures provided by the bargaining agreement, plaintiff elected to present a direct grievance petition to the defendant board. The board denied the plaintiff's request for a hearing on her petition as being outside the collectively agreed-upon procedures. Plaintiff then instituted a circuit court action seeking a writ of superintending control over the defendant. Defendant's motion for summary judgment was denied and an order was issued mandating a full hearing on plaintiff's petition.

At the outset we note that the Fitzgerald Education Association has indicated a willingness to consider and process plaintiff's grievances through the established procedures.

On appeal defendant argues that plaintiff does not have a statutory or contractual right to a full hearing on her direct petition to the school board. In the absence of a clear, legal right, the Board is not under a clear legal duty to grant a hearing. Hence, argues defendant, an order of superintending control (in the nature of mandamus) may not issue. *Taylor* v. *Ottawa Circuit Judges* (1955), 343 Mich 440; GCR 1963, 711.2. We agree.

MCLA § 423.211 establishes the exclusive bargaining authority of the elected representative. However, in a provisio to § 423.211, the right of an *individual teacher* to *present* grievances is recognized.

"Provided, That any individual employee at any time may present grievances to his employer and have the grievances adjusted, without intervention of the bargaining representative, if the adjustment is not inconsistent with the terms of a collective bargaining contract or agreement then in effect, provided that the bargaining representative has been given opportunity to be present at such adjustment."[2]

The purpose of the proviso is twofold: First, to permit individual teachers to present certain grievances to the school board without the delay or formality of grievance procedures, or where the bargaining agent is acting capriciously; and second, to *permit* the employer to negotiate directly with the individual teacher without being in violation of MCLA §§ 423.210, 423.215 (Stat Ann 1968 Rev §§ 17.455[10], 17.455[15]) which proscribe unfair labor practices and evasion of the collective bargaining agreements. The permissive character of the language of the proviso is readily apparent when compared to the mandatory language of § 423.215:

"A public employer *shall* bargain collectively with the representatives of its employees as defined in § 11 (MCLA § 423.211 [Stat Ann 1968 Rev § 17.455 (11)])." (Emphasis supplied.)

If the employer *desires* to settle individual grievances without the intervention of the bargaining representative, the proviso gives him the power. However, since the proviso requires an individual adjustment to be consistent with the collective bargaining agreement, the employer may elect to proceed *under* the agreement's procedures in the first

---

[2] This same language is incorporated in the instant collective bargaining agreement. Since the employer agreed to the *collective* bargaining aspects of the agreement, it is illogical to suppose that the board would also *agree* to individual bargaining *as of right.*

place rather than risk rebargaining over the same issues. This same conclusion has been reached by the Michigan Labor Mediation Board in *Strayer* v. *Avondale School District Board of Education* (1967), Case No. C66 F-71, and the Federal courts (interpreting 61 Stat 143 (1947), 29 USC § 159[a], the National Labor Relations Act § 9[a], the Federal counterpart of MCLA § 423.211), in *Broniman* v. *Great Atlantic & Pacific Tea Company* (CA 6, 1965), 353 F2d 559, cert den (1966), 384 US 907 (86 S Ct 1343, 10 L Ed 2d 360), and *Black-Clawson Company, Inc.*, v. *International Association of Machinists Lodge 355* (CA 2, 1962), 313 F2d 179.

Therefore, since the school board was not under a duty to provide plaintiff with an individual grievance hearing, it was error for the trial court to compel such a hearing. The order of superintending control is reversed. This case is remanded for entry of summary judgment in favor of defendant.

All concurred.