Weaver, J.
I concur in the majority’s decision to reverse the judgment of the Court of Appeals. I write separately because I disagree with the majority’s decision to adopt the Lujan[1] standing requirements. I would find that the plaintiffs have standing. However, I agree with the decision to reverse; because the relief requested is a discretionary act, I would find that mandamus is not an appropriate remedy in this case.
Although I would hold that no relief can be granted in this case, I am still cognizant of the great debt that our society owes to its veterans. The soldiers’ relief act was first enacted in 1899, “to provide relief outside of the soldiers’ home for honorably discharged indigent soldiers, sailors and marines, and the indigent wives, widows and minor children of such indigent or deceased soldiers, sailors and marines . . . .” 1899 PA 214. I think it is appropriate to consider the last paragraph of the report on the Spanish-American War included in the Michigan Legislative Manual and Official Directory for the years 1899-1900, p 693:
The forces that went into the war with Spain, from Michigan, were actuated by the highest motives. They came from every employment and walk of life, yet none entered that service without a sacrifice. All left peaceful homes with comfortable surroundings and sure sources of income to risk their lives in battle or in camp in response to the call of duty and patriotism. Some were killed in battle, others died *743 of diseases incident to life in camp under new and untried conditions. Some came home comparatively unharmed, while others, and very many others, came bringing with them the seeds of disease and infirmities from which they will always suffer. There is but one proposition to make. The people of Michigan in common with the people of this great nation owe a debt of gratitude and love to those who in any way represented them in the glorious contest for humanity so happily and successfully ended by our treaty of peace with Spain, and we should not forget now or hereafter any of the obligations imposed on us by this debt.
I
Unlike constitutional cases in federal courts, the Michigan standing requirements have been based on prudential, rather than constitutional, concerns. See, generally, House Speaker v State Administrative Bd, 441 Mich 547, 559, n 20; 495 NW2d 539 (1993), and Justice Riley’s dissent in Detroit Fire Fighters Ass’n v Detroit, 449 Mich 629; 537 NW2d 436 (1995). Both this Court and the United States Supreme Court have recognized that we are not required to comply with the federal mies regarding standing.[2]1 believe that adopting the federal standing test as set forth in Lujan v *744 Defenders of Wildlife, 504 US 555; 112 S Ct 2130; 119 L Ed 2d 351 (1992), is unnecessary; therefore I decline to supplement the current standing doctrine of this Court.
Applying Michigan’s traditional rules of standing, I would find that the plaintiffs have standing to bring the present action. In Michigan, it is well settled that all disgruntled citizens do not automatically have standing to sue a public body. In House Speaker, supra at 554, we said:
Standing is a legal term used to denote the existence of a party’s interest in the outcome of litigation that will ensure sincere and vigorous advocacy. However, evidence that a party will engage in full and vigorous advocacy, by itself, is insufficient to establish standing. Standing requires a demonstration that the plaintiff’s substantial interest will be detrimentally affected in a manner different from the citizenry at large.
The usual rule has been that a private citizen has no standing to vindicate a public wrong or enforce a public right where that citizen has not been hurt in any manner different than the citizenry at large. Waterford Sch Dist v State Bd of Ed, 98 Mich App 658, 662; 296 NW2d 328 (1980).
However, while a private suit is generally precluded when a violation of a public duty is claimed, a private action can be maintained if the public duty also was intended to benefit private individuals. Taylor v Lake Shore & M S R Co, 45 Mich 74, 77; 7 NW 728 (1881). Justice Cooley, speaking for the Court, explained that “[t]he nature of the duty and the benefits to be accomplished through its performance must generally determine whether it is a duty to the public in part or exclusively, or whether individuals may claim that it *745 is a duty imposed wholly or in part for their especial benefit.” Id. See also Gardner v Wood, 429 Mich 290; 414 NW2d 706 (1987).
The plain language of the soldiers’ relief fund act[3] unequivocally supports the notion that the statute was enacted solely to benefit citizens in the same class as the plaintiffs, i.e., honorably discharged, indigent veterans. Clearly, the plaintiffs possess an interest in the soldiers’ relief fund that is “different from the public at large.” Moreover, the relief sought does indeed more directly and tangibly benefit the plaintiffs than it does the public at large. In this case, the plaintiffs made a proper showing that they were injured in a manner distinct from the citizenry at large. Therefore, I would find that the plaintiffs have standing to pursue the instant action.
n
Plaintiffs ask that the defendant counties be ordered to begin assessing taxes to maintain their soldiers’ relief funds. However, this particular duty, which is covered by MCL 35.21, is discretionary, and therefore is not a proper subject for mandamus. Because I would find that mandamus is not an appropriate remedy in this case, I agree with the majority’s result.
*746 It is well settled that an order of mandamus will be issued only if the plaintiffs have a clear legal right to the performance of the specific duty sought to be compelled and the defendant has a clear legal duty to perform the same. State Bd of Ed v Houghton Schs, 430 Mich 658, 666; 425 NW2d 80 (1988). The act sought to be compelled must not be discretionary. It must be of a ministerial nature, and it must be prescribed by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment. If any reasonable doubts exist regarding the question of discretion or want of discretion, the courts will hesitate to interfere. See In re MCI Telecommunications Complaint, 460 Mich 396; 596 NW2d 164 (1999), Oakland Schs Bd of Ed v Sup’t of Pub Instruction, 401 Mich 37; 257 NW2d 73 (1977), and Taylor v Ottawa Circuit Judge, 343 Mich 440; 72 NW2d 146 (1955). Here, the county board of commissioners is given the authority and the discretion to determine the amount of the tax to be levied; the only limit it is given is that it not exceed 1/10 of a mill. The first sentence of MCL 35.21 provides:
The county board of commissioner of each county shall annually levy, a tax not exceeding 1/10 of a mill on each dollar, to be levied and collected as provided by law, upon the taxable property of each township and city, for their respective counties, for the purpose of creating a fund for the relief of honorably discharged indigent ....
Further, the last sentence of MCL 35.21 states
If any money in the fund is not necessary for the purpose for which it was raised, the money shall remain in the treasury of the county as a soldiers’ relief fund, and shall be considered in raising future sums therefor.
*747 Additionally, the soldiers’ relief commission is required to make an annual report of the money on hand, the money it is expending, and how much it believes will be needed for the next year. Therefore the relief requested by the plaintiffs, that the defendant counties be ordered to begin assessing taxes under the statute, is a discretionary act, and mandamus is not an appropriate remedy.
There is no specific relief the Court could provide, as we cannot require the county to assess a specific amount. Accordingly, I concur with the majority opinion’s result reversing the judgment of the Court of Appeals.

 Lujan v Defenders of Wildlife, 504 US 555; 112 S Ct 2130; 119 L Ed 2d 351 (1992).

 In House Speaker we stated that “this Court is not bound to follow federal cases regarding standing,” pointing out that “[o]ne notable distinction between federal and state standing analysis is the power of this Court to issue advisory opinions. Const 1963, art 3, § 8. Under Article HI of the federal constitution, federal courts may issue opinions only where there is an actual case or controversy.” Id., p 559, including n 20. Justice Kennedy, writing for the Court in ASARCO Inc v Kadish, 490 US 605, 617; 109 S Ct 2037; 104 L Ed 2d 696 (1989), acknowledged:
We have recognized often that the constraints of Article HI do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability ....

 The county board of commissioners of each county shall annually levy, a tax not exceeding 1/10 of a mill on each dollar ... for the purpose of creating a fund for the relief of honorably discharged indigent members of the army, navy, air force, marine corps, coast guard, and women’s auxiliaries of all wars or military expeditions .... [MCL 35.21.]