## James B. Townsend v. The People.

*Recognizance, default on.* At the June term, 1864, of the Ontonagon Circuit, one Townsend plead not guilty to an indictment. On giving a new recognizance in open Court, the case was continued to the next September term.

During the vacation following he entered into another recognizance, with the same condition, before a Circuit Court Commissioner.

He appeared for trial at the said September term, when, on his own motion, the cause was continued to the following June term, without any order for the renewal of the recognizance. Upon the day following, he was called in court and defaulted on the recognizance entered into before the commissioner, and judgment was rendered against him and his sureties. *Held,* that the record, showing no reason for the taking of such second recognizance, the first was in full force and was not superseded by the latter. This second recognizance was therefore void, and the judgment rendered thereon must be set aside. *Held,* further, that the Court having ordered the case continued to the next term, without any requirement that the recognizance should be renewed, there could not afterwards be a default for failure to attend further at that term.

*Circuit Court Commissioner. Jurisdiction in taking recognizance.* When a Circuit Court Commissioner acts upon cause, such as the surrender of the party by his sureties, or other cause such fact should be made to appear, in order to show that he had jurisdiction. In the absence of such showing the taking of a recognizance is without authority, and the act void.

*Heard May 2d and 3d.    Decided July 11th.*

Error to Ontonagon Circuit.

The nature of the case, and all the facts necessary to an understanding of the questions of law involved, fully appear in the opinion of the Court.

*A. W. Buel,* for plaintiff in error.

The second recognizance was unauthorized and invalid. The acknowledging officer must have authority to require and ·

take the recognizance. His powers are statutory. He did not derive authority in the case from Sec. 6002 Comp. L., for that is held to "relate exclusively to cases before commitment and after examination."—3 *Mich.* 46.

Nor did he derive it from Sec. 5999 Comp. L., for that relates exclusively to cases of commitment, (either before or after indictment).—6 *Mich.* 387; 3 *Id.* 48–9.

The present case is wholly beyond the provisions of each of those sections, and there is no other statute authorizing him to take bail in criminal cases. The officer was an inferior magistrate, his powers were statutory and limited, and in such case jurisdiction and the cause of taking the recognizance are not to be conjectured or presumed.—6 *Mass.* 641.

The first recognizance was and still is in force, undischarged, and Bowen was at large upon it, not under arrest or commitment, or order therefor, when the second was taken. Bail is the delivery of a man out of custody, &c.—1 *Burns' Jus.* 246; *Tiff. on Crim. Law,* 35; 1 *Com. Dig. A. Bail.*

*A. Williams, Attorney General,* for the People.

The Attorney General made several points in reply to constitutional and other objections urged on behalf of the plaintiff in error; but such points not being necessarily involved in the decision of the case, they are omitted.

MARTIN CH. J.

The record in this case shows that at the June term of the Circuit Court for the County of Ontonagon, in the year 1864, one Bowen was indicted for perjury, and that upon his arraignment and plea of "not guilty," a continuance of the trial to the next (September) term was granted upon his motion, with an order for a renewal of his recognizance; accordingly a new recognizance was entered into by himself with certain sureties in open Court, and the cause continued. Intermediate the June and September terms, viz. in August, it appears that a second recognizance was entered into by Bowen, with other

and new sureties, upon the indentical conditions as the first, before a Circuit Court Commissioner, and, as is admitted, in the same case. What was the occasion or reason for taking this second recognizance, does not appear; the first, so far as the record shows, was, and still is in full force. Here then is the case of two recognizances in the same cause, one taken by authority of the Court, and before the Court; the other taken in vacation by an officer of the Court, but without discharge or release of the sureties upon the first, and for no apparent reason.

At the September term in 1864, Bowen was present in Court, and on the 22d day of that month, and during the term, the cause was continued for trial until the next (June) term, but without an order for the renewal of recognizance. Upon the day following, viz. the 23d, the default of Bowen and of his sureties upon the second recognizance was entered, and there the matter rested. At the subsequent June term Bowen appeared ready for trial; when the cause was continued on motion of the Prosecuting Attorney, and Bowen to give new recognizance for his appearance at the next (September) term; but whether he did this, or not, does not appear,—probably not. This order for continuance was made on the 21st of June, and on the 26th of June, and during the same term of court, a judgment was rendered upon the default entered at the September term of 1864, against Bowen and the sureties in the recognizance taken before the Circuit Court Commissioner. To vacate this judgment, application was made and denied.

By what authority the Circuit Court Commissioner took the recognizance of August, 1864, or how it superseded that taken in June previous in open court, does not appear from the record; and we are unable to find, either in the statute or in the practice of courts pursuing the course of the common law, any reason or rule by which he could have done so. It would be a strange doctrine, indeed, if an act of the commissioner, in vacation, could vacate and supersede the action of a court

in term. If the commissioner acted upon cause, such as sur-render of the principal by the sureties, or other cause, such fact should have been spread upon the record in order to show that he had jurisdiction. In the absence of this showing, the recognizance taken before the Court is valid, and the only one upon which the People can rely, or resort to in case of default.

The record further shows a continuance of the cause at the June term of 1865, upon motion of the prosecuting attorney, Bowen being present and ready for trial, and Bowen was ordered to give new recognizance for his appearance at the next term of the court. This order was made upon the 21st of June; and during the same term, notwithstanding the fact of the presence of Bowen in court, ready for trial, and the contin-uance, on motion of the prosecuting attorney, a judgment was rendered upon the default taken in September, 1864, against him and the sureties, upon the recognizance entered into before the Circuit Court commissioner.

·We think there was manifest error in rendering the judg-ment in this case, and in the refusal to vacate it. We find no authority for the taking of the second recognizance and of course none for a judgment for default of its condition.

This view renders the consideration of the other questions presented unnecessary, if not improper.

The judgment of the court below is set aside and reversed.

COOLEY J.

The Court having ordered the case continued to the next term, without any requirement that the recognizance should be renewed, there could not afterwards be a default for failure to attend further at that term. The default and all subsequent proceedings were, therefore, erroneous.

I also think that from all that appears in this case, the sec-ond recognizance was unauthorized and void. One had already been entered into, under direction of the Court, which still, for aught that appears, remained in full force at the time default was entered on the second. The two could not both

be in force at once; and to warrant the second such facts should appear, by way of recital or otherwise, as would show that it was lawfully substituted for the first. As the case stands, not only is no jurisdiction in the commissioner to take the second recognizance shown affirmatively, but the existing prior recognizance shows *prima facie* a want of jurisdiction. On both grounds, therefore, the judgment should be reversed.

The other Justices concurred in the foregoing opinions.