63  283
110  536

63  283
119  500

63  283
136  274

John C. Marble v. Patrick Curran and Michael Curran.

*Affidavit under fraudulent debtors' act—Jurisdiction of commissioner.*

The affidavit for a warrant under the fraudulent debtors' act (How. Stat. § 8753), *must* show *personal knowledge* of the facts stated by the affiant, or state *circumstances* from which the facts required to be proved must *necessarily* be deduced, to authorize the issuing of the writ.

Error to Berrien. (Smith, J.) Argued July 20, 1886. Decided October 21, 1886.

Debt on recognizance under fraudulent debtors' act. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Edward Bacon,* for appellant:

The objections taken are too uncertain and indefinite to avail the defendant: *Michigan State Ins. Co. v. Soule,* 51 Mich. 313; *Jochen v. Tibbells,* 50 Id. 35.

All objections which could be waived, and which were omitted in the motion, must be deemed waived: *Evanston v. Gunn,* 99 U. S. 665.

In *Supe v. Francis,* 49 Mich. 266, the sufficiency of affidavits under the statute, and the validity of bonds such as that now in suit, were fully considered.

In *Proctor v. Prout,* 17 Mich. 473, a similar affidavit was held sufficient.

*Badger v. Reade,* 39 Mich. 775, discusses affidavits differing widely from the affidavit in this case.

If the combined incidents stated in the affidavit, with the just and reasonable inferences from them, incline the mind to an opinion that the defendant meant to elude the subjection of his property to the debt, it is sufficient: *Johnson v. Maxon,* 23 Mich. 140.

The intrinsic character of the evidence was such as to present a question for the judgment upon the weight and conclusiveness of the evidence, and, as a consequence, to invest the magistrate with jurisdiction: *Steward v. Biddlecum*, 2 N. Y. 104; *Miller v. Brinkerhoff*, 4 Denio, 120; *Supe v. Francis*, 49 Mich. 266; *Willison v. Desenberg*, 41 Id. 160.

The affidavit suggests no reason to suspect that any fact directly stated was not within the affiant's personal knowledge: *People v. Lynch*, 29 Mich. 278.

The affiant was not required to state the sources of his knowledge: *Pierson v. Freeman*, 77 N. Y. 589.

The demand and unjust refusal sufficiently appear in the affidavit: *Steward v. Biddlecum*, 2 N. Y. 108, 109.

*O. W. Coolidge*, for defendants:

The affidavit, to confer jurisdiction on the magistrate, must show upon its face that affiant is personally cognizant of the facts required to be proved under the statute: *Proctor v. Prout*, 17 Mich. 473; *In re Teachout*, 15 Id. 346; *Badger v. Reade*, 39 Id. 774; *Brown v. Kelley*, 20 Id. 27; *People v. McAllister*, 19 Id. 215; *DeLong v. Briggs*, 47 Id. 625.

The facts must be stated in the same way as on the stand, by a distinct averment of each fact upon knowledge, and they must be such as in law tend to make out the cause of complaint: *Brown v. Kelley*, 20 Mich. 33.

It must set up facts on knowledge, and not on belief: *Badger v. Reade*, 39 Mich. 774.

There are no specific facts alleged within the knowledge of the affiant: *People v. McAllister*, 19 Mich. 215; *Badger v. Reade*, 39 Mich. 774.

The bond was without consideration, and void, because the proceedings upon which it was based were void: *Butts v. Davis*, 50 Mich. 310; *Supe v. Francis*, 49 Id. 266; *Broadhead v. McConnell*, 3 Barb. 175; *Cadwell v. Colgate*, 7 Id. 253.

A recognizance taken by a circuit court commissioner when he has not obtained jurisdiction is void: *Townsend v. People*, 14 Mich. 388.

SHERWOOD, J.   On the twelfth day of February, 1874, the plaintiff in this case recovered a judgment against the defendant Patrick Curran, in the circuit court for the county of Berrien, for the sum of $477.58. Upon this judgment execution was duly issued, and prior to June 5, 1875, was

returned unsatisfied, and on that day the plaintiff commenced proceedings against the defendant before a circuit court commissioner under the fraudulent debtors' act, and made the following affidavit under How. Stat. § 8753, subd. 2 (to obtain a warrant against the defendant), viz.:

"*State of Michigan, County of Berrien—ss.:* John C. Marble, being duly sworn, deposes and says that Patrick Curran, of the township of Bertrand, in said county, is justly indebted to him in the sum of six hundred and ninety-three and 41-100 dollars upon a judgment rendered against him in the circuit court for the county of Berrien on the twelfth day of February, 1874,—for the sum of four hundred and seventy-seven and 58-100 dollars (477.58) debt or damages, and fifty-one and 50-100 dollars costs of suit, and interest to this time; that such judgment was founded on contract express, being upon two promissory notes, for which the said Patrick Curran cannot be arrested or imprisoned, according to the provisions of chapter one hundred and forty-one of the Revised Statutes of 1846 of this State, being chapter 230 of the Compiled Laws of 1871.

"This deponent further says that he has good reason to believe, and does believe, that the said Patrick Curran has rights in action, money, and evidences of debt which he unjustly refuses to apply to the payment of said judgment.

"This deponent further says that the facts and circumstances constituting the grounds of his belief are that the said Patrick Curran, before the time of the conveyances hereinafter mentioned, had lands worth at least twelve thousand dollars, and, as appears by the records in the office of the register of deeds in said county of Berrien, on the eighteenth day of January, 1870, for the consideration of two thousand dollars, conveyed to Michael Curran, Thomas Curran, and John Curran, his sons, 206 23-100 acres of land, which deed was recorded on the thirtieth day of January, 1871, in the office of said register, in Liber 42 of Deeds, on page 91, and on the same day conveyed to Elizabeth Curran and Robert Curran, his son and daughter, for the nominal consideration of two hundred dollars, as appears by the record of such conveyance in the office of said register, one hundred acres of land, which deed was on the same day recorded in the office of said register of deeds, in Liber 40, on page 407; and on the seventh day of September, 1870, by deed, said Patrick Curran conveyed to Margaret Curran, another

daughter, forty acres of land for the nominal sum of two hundred dollars, which deed of conveyance was also recorded on said thirtieth day of January, 1871, in the office of said register, in Liber 43, on page 293.

"This deponent further says that, as he believes, said lands were well worth twelve thousand dollars; that they were all situate in Bertrand, in said county; that to all appearances said Patrick Curran now has title to no more land than is sufficient for a homestead.

"This deponent further says that, as he is informed and believes, said Curran has the money received for said lands invested in some way whereby he receives or may receive the avails thereof; that he does no business, and appears to have sufficient for all of his private purposes.

"This deponent further says that he has been informed by said Curran and believes that, at or about the time of the making of the deeds of conveyance aforesaid, said Michael Curran, Thomas Curran, John Curran, and Robert J. Curran executed and delivered to said Patrick Curran their joint bond, therein covenanting to pay to said Patrick Curran, or to his wife, the sum of twelve hundred dollars per year so long as said Patrick Curran or his said wife should live; and deponent further says that said Patrick and his wife appear to be economical and to enjoy good health, and he believes that one-half of the said twelve hundred dollars has fully supported them during each year.

"This deponent further says that on the fourth day of June, 1875, he requested said Patrick Curran to pay said money due upon said judgment, and to apply said bond to the payment of the same, but he unjustly refused so to do. He further says that execution has been issued on said judgment, and delivered to the sheriff of said county, and that he made return thereon that said Patrick Curran had no goods, lands, or tenements from which he could cause to be made said money, and that said Curran refused to pay said money to said sheriff; and further this deponent saith not.

                                        "JOHN C. MARBLE.

"Subscribed and sworn to before me this fifth day of June, 1875.

                          "JAMES A. KELLOGG,
                    "Circuit Court Commissioner for Berrien
                          County, Michigan."

Upon the filing of this complaint the commissioner issued a warrant, and the defendant was brought before him.   His

counsel at once made a motion for his release and discharge on the grounds that the complaint did not state facts sufficient to justify the issuing of the warrant for his arrest, and that the commissioner had no jurisdiction in the case. The defendant's motion was overruled by the commissioner, and the defendant made answer to the complaint; admitted that he had conveyed lands to his children, and had taken a bond back from them securing the payment of money to him for his support and that of his family, and that he had received thereon moneys for that purpose, and used it therefor, and that it was necessary for him so to do; but denied all fraud, or intent to defraud anybody in so doing. Upon the hearing, however, the commissioner held the complaint sustained, and ordered the defendant to be committed to jail. Thereupon the defendant gave a bond, with the defendant Michael Curran as his surety, to the plaintiff, under the provision of How. Stat. § 8759, subd. 3.[1]

The bond was given on the twenty-first day of June, 1875. This suit was commenced upon the bond, by filing a declaration against the defendants on the ninth day of August following. Michael Curran was defaulted. Patrick Curran appeared, and issue was joined in the case on the fourth day of September, 1875, and 10 years thereafter a trial of said cause was had in the Berrien circuit, before Judge Smith without a jury, and judgment was duly entered for the defendants.

The plaintiff brings error.

The record contains none of the testimony given upon the trial except as stipulated by the attorneys. The

---

[1] How. Stat. § 8759.—" Such commitment shall not be granted if the defendant shall either   *   *   *   *   *   *   *

"3. Enter into a bond to the complainant in a penalty not less than twice the amount of the debt or demand claimed, with such surety or sureties as shall be approved by such officer, conditioned that such defendant will, within thirty days thereafter, apply for an assignment of his property, and for a discharge, as provided in the one hundred and forty-third chapter of these Revised Statutes, and diligently prosecute the same until he obtains such discharge."

bill of exceptions sets forth the findings of the circuit judge,. which contains the stipulations setting forth what facts were agreed upon. It is contained in one of these stipulations. that—

" Patrick Curran never applied for an assignment of his property, or for any discharge, and never made any assignment mentioned in the condition of the bond."

The main question in the case, and the one the defendants relied upon on the trial at the circuit, was that the affidavit. of the plaintiff was insufficient, under the statute, to confer jurisdiction upon the circuit court commissioner in the proceedings had before him, and, such being the fact, there was no consideration for the bond sued upon, and the plaintiff could not, therefore, recover. *Townsend v. People*, 14 Mich. 388. The circuit judge took this view of the case, and rendered judgment accordingly.

We think the judgment is right. The only facts sworn to in the affidavit of plaintiff, except on information and belief, are that plaintiff obtained a judgment; that execution has been returned unsatisfied; that Patrick Curran appeared to have deeded large portions of his land to members of his family on the eighteenth day of January, 1870; and that he had requested Patrick to pay the judgment, and he refused so to do.

The application for the warrant in such a case must show *personal* knowledge of the facts by the affiant, or state circumstances from which the facts must necessarily be deduced, required to be proved, under the statute, to authorize the issuing of the writ. *Proctor v. Prout*, 17 Mich. 473; *People. v. McAllister*, 19 Id. 215; *Brown v. Kelley*, 20 Id. 27; *In re Teachout*, 15 Id. 346; *Badger v. Reade*, 39 Id. 772; *De Long v. Briggs*, 47 Id. 625; *Van Valkenburgh v. Recorder of Albany*, 6 Hill, 429.

The affidavit of the plaintiff makes no such showing. The facts set out in the affidavit show no fraud on the part of the

defendant in the judgment. It does not allege any fraudulent intent in making the deeds it complains of. It does not appear the defendant was indebted to any one when the deeds were made. It really does not set up that the defendant had any property of any kind which it was his legal duty to apply to the liquidation of the plaintiff's judgment, or that there was a cent due upon the only obligation which Patrick Curran is shown to have held at the time the proceeding was instituted. The affidavit made before the commissioner was clearly defective, and conferred no jurisdiction upon him authorizing the giving of the bond, and the circuit judge did right in so holding, and the judgment must be affirmed.

The other Justices concurred.