*In re* MEAD.

1. BAIL—RECORDER'S COURT—JURISDICTION—CONTEMPT.
   Where persons were held by the police department of the city of Detroit for the reasons, "disorderly person, gaming, investigation," but the matter was not in the recorder's court, and there was neither complaint, warrant, nor arrest thereon, a judge of said court was without jurisdiction to take a "suspicion bond" and order their release, and a police officer who refused to obey said order was not in contempt, since it was a mere nullity.

2. SAME—VALIDITY.
   A recognizance taken by a court without jurisdiction or by an officer without authority is void.

3. CONTEMPT—NOT CONTEMPT TO DISOBEY VOID ORDER.
   One may not be held in contempt for disobedience of an order or command which the court had no jurisdiction to make.

Certiorari to recorder's court of Detroit; Bartlett (Charles L.) and Jeffries (Edward J.), JJ. Submitted June 9, 1922. (Docket No. 73.) Decided November 2, 1922.

Jesse Mead was adjudged guilty of contempt of court. Reversed, and order vacated.

*James R. Walsh* (*Clarence E. Wilcox*, of counsel), for appellant.

*Stewart Hanley, amicus curiæ.*

WIEST, J. Certiorari to review proceedings in which Jesse Mead, a police officer, was adjudged guilty of contempt of recorder's court of Detroit. Certain persons were taken into custody about 8 o'clock p. m.

The question as to whether disobedience of void order is contempt of court is discussed in a note in 16 L. R. A. (N. S.) 1063.

February 8, 1922, by the police department of that city. They were held at a station of which Mead was in charge at the time in question. No formal charge or complaint had been made against them or any of them. The minutes at the station showed that each of them was held for the reasons: *"disorderly person, gaming, investigation."* About 11 o'clock that evening, on behalf of such persons, Judge Jeffries of the recorder's court received a "suspicion bond," so-called, as follows:

"RECORDER'S COURT SUSPICION BOND.
"State of Michigan, County of Wayne,
    City of Detroit, ss.
"Recorder's Court of the City of Detroit.
"Be It Remembered, That on the 8th day of February A. D. 1922, Max Irving, Jack Neville, Clayton Dusenbury, Clark Babbitt, Walter Jones, John Gromp, Charles Phillips, Walter Baker of the city of Detroit, in said county, as principal, and Gussie Snook, of the same place, as surety, personally came before the undersigned, one of the judges of the recorder's court of the said city of Detroit, in said county of Wayne, and severally and respectively acknowledged themselves indebted to the people of the State of Michigan, in the sum of five hundred dollars, each to be levied of their respective goods and chattels, lands and tenements, if default should be made in the condition following:

"Whereas, The said Max Irving, Jack Neville, Clayton Dusenbury, Clark Babbitt, Walter Jones, John Gromp, Charles Phillips, Walter Baker, were arrested and are in custody at Central and Bethune Police stations on suspicion of disorderly persons—gaming, to which charge the said above named defendants are ready to plead not guilty, and said above named defendants were ordered to each recognize themselves in the sum of five hundred dollars with one surety in the like sum, for their appearance at the said recorder's court for arraignment on said charge.

"Now, Therefore, The condition of this recognizance is such, that if the said above named defendants, each

shall personally appear at the recorder's court room, in the city and county aforesaid, on the 9th day of February, A. D. 1922, at 9:00 o'clock in the forenoon of said day, for arraignment on said charge, and shall appear in said court from day to day, as ordered by said court, and shall not depart the said court without leave, then this recognizance to be void, or else to remain in full force.

"If charge is other than herein above specified, bond is not to be honored.

(Signed) "GUSSIE SNOOK (L. S.)

"Taken, Subscribed and Acknowledged the day and year first above written before me,

(Signed) "EDWARD J. JEFFRIES,<br>
One of the judges of the recorder's<br>
court of the City of Detroit."

(Justification by surety)

The judge then issued the following order:

"STATE OF MICHIGAN

"In the Recorder's Court for the City of Detroit.

"ORDER.

"In the matter of the arrest
and detention of Clark Babbitt,
Clayton Dusenbury, Max Irving,
Jack Neville, by whatever name
they may be held.

"At a session of the recorder's court held in chambers, in the city of Detroit, on the 8th day of February, A. D. 1922.

"Present, The HON. EDWARD J. JEFFRIES,<br>
Judge of the Recorder's Court.

"Application having been made for the release of the above named prisoners and a proper bond having been executed with sufficient surety justifying, and the condition of the said bond or recognizance being for the appearance of the said persons, at the recorder's court, for the city of Detroit, on Thursday, the 9th day of February A. D. 1922, at 9:00 o'clock in the forenoon of that day, there to answer to any charge or complaint made against the aforesaid persons severally or jointly, growing out of their arrest and detention.

"It is hereby ordered, that Clark Babbitt, Clayton Dusenbury, Max Irving and Jack Neville, and each of

them by whatever name they made be held, be released from custody and detention in whatever police station they may be held, and that they be released and discharged forthwith, upon presentation of this order.

"This order is directed to James W. Inches, commissioner of police, Wm. P. Rutledge, superintendent of police, James Sprott, deputy commissioner, John McClellen, inspector, or any other inspector of police, Albert Siske, chief of the clean-up division, their subordinates and officers and members of the Metropolitan Police Department.

(Signed)   "EDWARD J. JEFFRIES,
Judge of the Recorder's Court."

The order was at once given to Mead.   He refused to obey it.   The adjudication of being in contempt followed.   Mead gives as a reason for such refusal that the order for release was void. .   We think he is right.   The matter was not in recorder's court. There was neither complaint, warrant, nor arrest thereon.   The judge was without jurisdiction to take the "suspicion bond" and to make the order.   The order being a mere nullity, the police officer was under no duty to obey it.

It is a general rule that a recognizance taken by a court without jurisdiction or by an officer without authority is void.

See 6 C. J. p. 983 and cases cited: *Clink* v. *Muskegon Circuit Judge*, 58 Mich. 242; *Townsend* v. *People*, 14 Mich. 388; *Clute* v. *Ionia Circuit Judge*, 131 Mich. 204, and cases cited.

One may not be held in contempt for disobedience of an order or command which the court had no jurisdiction to make.    See 13 C. J. p. 28; *In re Hall*, 10 Mich. 210; *In re Morton*, 10 Mich. 208.

And the following from *Linnen* v. *Banfield*, 114 Mich. 93, is pertinent:

"Time is presumed to be of some importance to one incarcerated without process, and promptness is required when the information upon which proceedings

are to be based is at hand, in order that the accused may not be deprived of the right to give bail."

The adjudication is reversed and vacated, without costs.

FELLOWS, C. J., and MCDONALD, BIRD, and SHARPE, JJ., concurred.   CLARK, MOORE, and STEERE, JJ., did not sit.