PEOPLE *v.* KROL.

GAMING—MATERIAL OF GAMING—MONEY.
"Material of gaming," as that term is used in statute providing for seizures for violation of a gambling law, includes money used as prize money but not money shown to have been the property of persons present or the property of party convicted of violating the gambling law (Act No. 328, § 308, Pub. Acts 1931).

WIEST and BUSHNELL, JJ., dissenting.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 19, 1943. (Calendar No. 42,173.) Decided April 6, 1943.

Petition by Edward Krol for return of money seized on a search warrant. Petitioner reviews order of circuit court for return of part of the money by appeal in the nature of mandamus. Modified.

*Casper C. Cutler,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Raymond J. DeRyck, William F. Connolly,* and *Harold Helper,* Assistant Prosecuting Attorneys, for the people.

BUSHNELL, J. (*dissenting*). Defendant Edward Krol was arrested by the police of the city of Hamtramck on July 9, 1941, and charged with violation

Benefit obtained by duress, see Restatement on Restitution, § 70.

of a gambling law. By virtue of a search warrant, money in the sum of $10,420.98 was seized by the arresting officers and held as evidence. At the criminal trial Krol pleaded guilty, was fined; and placed on probation. He then instituted a suit in replevin for the recovery of the seized money. By agreement, this action was dismissed and a petition filed in the circuit court of Wayne county for its return. In this petition, Krol asserted that $7,000 of this money was the property of others, temporarily held by him for lawful purposes, and for which sums he was responsible to the respective owners. He admitted that $3,420.98 belonged to him.

After the taking of testimony regarding the claimed ownership of the money, the trial judge entered an order directing the prosecuting attorney to return $8,300 and to retain $2,120.98. Krol's application for leave to appeal in the nature of mandamus was granted, and he argues that the trial judge erred in computing the amount that should have been returned, and that retention of the remainder is not authorized by law.

The people argue that we should not issue a writ of mandamus to require the return of the retained money, because this discretionary writ should not be granted to assist one engaged in an illegal and unlawful business; and further, that Krol, having secured the benefit of the court's order by accepting $8,300, cannot claim now that the order is erroneous.

The statute under which the people claim the right to retain money thus seized is Act No. 328, § 308, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–308, Stat. Ann. § 28.540), Michigan penal code, and reads as follows:

"If a person makes oath before justice of the peace or committing magistrate that he has proba-

ble cause to believe and does believe that a house or other building, room or place is used as and for a common gaming house, for gaming for money or other property, or is occupied, used or kept for promoting a lottery, or for the sale of lottery tickets, or for promoting the game known as a policy lottery or policy, or for the buying or selling of pools or registering of bets upon any race, game, contest, act or event, and that persons resort thereto for any such purpose, such magistrate or trial justice, whether the names of the persons last mentioned are known to the complainant or not, shall, if he be satisfied there is reasonable cause for such belief, issue a warrant commanding the sheriff or his deputy or any constable or police officer to enter and search such house, building, room or place, and if any lottery, policy or pool tickets, slips, checks, manifold books or sheets, memoranda of any bet, or other implements, apparatus or material of any form of gaming be found in said place, to take into his custody all the implements, apparatus or material of gaming as aforesaid; and upon the finding of such apparatus and material of any form of gaming as aforesaid, the officers shall be authorized to arrest the keepers of such place, all persons in any way assisting in keeping the same, whether as capper, tout, guard, doorkeep, lookout, or otherwise, and all persons who are there found, and to keep said persons, implements, apparatus or material of gaming so that they may be forthcoming before some court or magistrate to be dealt with according to law. The provisions of law relative to destroying of gaming articles shall apply to all articles and property seized as herein provided for.''

Although the question of statutory construction is not raised, we note in passing that there has been no deviation from the well-established rule that penal statutes must be strictly construed and cannot be enlarged by construction or intendment further

than the intent fairly requires, notwithstanding section 2 of the code, which reads:

"The rule that a penal statute is to be strictly construed shall not apply to this act or any of the provisions thereof. All provisions of this act shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law." (Act No. 328, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115-2, Stat. Ann. § 28.192]).

See in this connection the following cases, all of which have been decided since the enactment of this provision: *People* v. *Thompson,* 259 Mich. 109; *Hightower* v. *Detroit Edison Co.,* 262 Mich. 1 (86 A. L. R. 509); *People* v. *Consumers Power Co.,* 275 Mich. 86; *People* v. *Goulding,* 275 Mich. 353; *People* v. *Goolsby,* 284 Mich. 375; *Dimmers* v. *Hillsdale Circuit Judge,* 289 Mich. 482; *In re Bourne,* 300 Mich. 398; *People* v. *Austin,* 301 Mich. 456; *People* v. *Sarnoff,* 302 Mich. 266 (140 A. L. R. 1206); and *People* v. *Silver,* 302 Mich. 359.

The statute under which the people claim the seized money does not mention "money" directly; nor by the "fair import" of its terms can "money" be said to be included among "implements, apparatus or material of gaming."

"Statutes applicable to criminal matters may not be extended beyond their plain terms by judicial construction." *People* v. *Silver, supra,* 367.

Since the arrest of the defendant and the seizure of money on July 9, 1941, the statute in question has been amended by Act No. 25, Pub. Acts 1941, effective January 10, 1942. The act, as amended, provides for the seizure of money under certain circumstances, but we express no opinion on the effect of the amendment, its language not being involved in the instant case.

In view of the foregoing, it is unnecessary to pass upon the other questions raised on appeal.

The order should be vacated, and the cause remanded for further proceedings not inconsistent with this opinion. A writ of mandamus should issue if necessary.

WIEST, J., concurred with BUSHNELL, J.

SHARPE, J. Of the $10,420.98 seized in a gambling raid, there is evidence that $7,000 of this money was the property of others not connected with gambling and the balance, or $3,420.98, was the property of defendant Krol. It also appears that of this latter sum $420.98 was the prize of gaming and was being held for the payment of the winnings. All of the above money was seized under and by virtue of the authority contained in Act No. 328, § 308, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-308, Stat. Ann. § 28.540). Under the above act an officer may search such house, room or place, "and if any lottery, policy or pool tickets, slips, checks, manifold books or sheets, memoranda of any bet, or other implements, apparatus or material of any form of gaming be found in said place, to take into his custody all the implements, apparatus or material of gaming as aforesaid."

The above act refers not only to "apparatus" but also to "material of gaming." In my opinion the words "material of gaming" may include money which is being used as the prize and as such may be seized. The $420.98 should not be returned. The balance of the money should be returned to its rightful owner.

The order for the return of money is modified to conform to this opinion.

BOYLES, C. J., and CHANDLER, NORTH, STARR, and BUTZEL, JJ., concurred with SHARPE, J.