PEOPLE v HERNANDEZ

1. COURTS—JURISDICTION—ILLEGALLY SEIZED EVIDENCE—FEDERAL
   STATUTES.
   A district court is without jurisdiction to order police officers to
   return illegally seized cash where the cash was subject exclu-
   sively to the orders and decrees of the courts of the United
   States and the Secretary of the Treasury because the Internal
   Revenue Service was detaining the cash in accordance with
   Federal law (26 USCA 6343, 28 USCA 2463).

2. CONTEMPT—COURTS—JURISDICTION.
   A court may not hold an individual in contempt for disobedience
   of an order or command which the court had no jurisdiction to
   make.

Appeal from Saginaw, Fred J. Borchard, J. Sub-
mitted Division 3 January 10, 1974, at Grand
Rapids. (Docket No. 16708.) Decided March 6,
1974. Leave to appeal denied, 391 Mich 830.

Frank G. Hernandez and Petra D. Hernandez
filed a motion to suppress and to return personal
property and cash which were allegedly seized in
violation of their constitutional rights. The district
court ordered the police officers who seized the
property to return the personal property and cash
to the defendants. Personal property returned but
the cash had been turned over to the Internal
Revenue Service pursuant to a tax levy. The dis-
trict court held the officers in contempt. The offi-
cers appealed to the circuit court. Contempt cita-
tions set aside and the officers' motion to dismiss

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 12–15, 135.
[2] 20 Am Jur 2d, Courts § 101.

ordered to be granted. Defendants appeal by leave granted. Affirmed.

*Walter Martin,* for defendants.

*W. Vincent Nash,* City Attorney, and *Otto W. Brandt, Jr.,* Assistant City Attorney, for respondent police officers.

Before: R. B. BURNS, P. J., and BRONSON and VAN VALKENBURG,* JJ.

R. B. BURNS, P. J. On October 1, 1971, a district court judge signed a warrant authorizing a search of defendants' home for narcotics. The warrant was executed promptly. In addition to a substance thought to be heroin, several items of personal property and $2,450 in cash were also seized. On October 6, 1971, the Internal Revenue Service assessed a tax deficiency of $3,133.84 against defendant Frank Hernandez. The very next day the IRS served upon the Saginaw Police Department a tax levy demanding that it turn over to the IRS all monies in the department's possession belonging to defendant Frank Hernandez. The department did so. On October 22, 1971, pursuant to a motion filed by defendants,[1] the district judge who issued the search warrant ordered those officers[2] who had conducted the search to return to defendants all

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Because those seeking the return of the seized property were not strangers to the instant criminal case, but rather were the defendants therein, it was appropriate for them to seek the return of that property within the context of the criminal case. It was not necessary for them to file a separate civil action. *People v Rosa,* 382 Mich 163; 169 NW2d 297 (1969); *People v Williams,* 363 Mich 281; 109 NW2d 844 (1961); *People v Krol,* 304 Mich 623; 8 NW2d 662 (1943).

[2] It was proper to direct the order to return the seized property to those police officers who seized the property, for it is their responsibility to safely keep such property. MCLA 780.655; MSA 28.1259(5).

property seized other than the suspected narcotics. The judge ruled that the seizure of that property was illegal because beyond the scope of the warrant issued by him. The officers complied with that order except as to the cash. On February 3, 1972, the district judge cited the officers for contempt for their failure to return to defendants the cash seized or its equivalent. The officers were also assessed costs of $507.50. On appeal to the circuit court the contempt citations were set aside and the case was dismissed. We granted defendants' application for leave to appeal.

At the time the district court judge issued his order, the cash at issue was being detained by the IRS pursuant to a revenue act of the United States (26 USCA 6331, 6332). Therefore, that property was "subject only to the orders and decrees of the courts of the United States", 28 USCA 2463,[3] and the Secretary of the Treasury, 26 USCA 6343. Hence, the district court's order to return the cash was void because beyond that court's jurisdiction. *Williams v Atlanta Federal Savings & Loan Assn,* 110 Ga App 388; 138 SE2d 613 (1964). See also *New Hampshire Fire Insurance Co v Scanlon,* 362 US 404; 80 S Ct 843; 4 L Ed 2d 826 (1960).

A court may not hold an individual in contempt for disobedience of an order or command which the court had no jurisdiction to make. *In re Mead,* 220 Mich 480; 190 NW 235 (1922).

Affirmed.

All concurred.

---

[3] "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof". 62 Stat 974 (1948); 28 USCA 2463.