*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAOLO MICHELE FORCHIELLI,

Plaintiff-Appellee,

v

VIVIAN SUELENBAPTIS FORCHIELLI,

Defendant-Appellant.

UNPUBLISHED
May 30, 2024

No. 365624
Oakland Circuit Court
LC No. 2018-862389-DM

Before: GARRETT, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant appeals from the trial court's order denying her motion for attorney fees and order requiring her to pay plaintiff's attorney fees as a sanction for violating MCR 1.109(E)(5). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and defendant were married in Brazil in 2009, had a son in 2014, and divorced in 2018. The consent judgment of divorce provided the parties joint legal custody of the minor child, specified parenting time, and either party could elect to travel abroad with the child with certain conditions. Two years later during the height of the COVID-19 pandemic, defendant moved to enforce the judgment's travel abroad provision to enable her to travel to Brazil with the child whose Brazilian passport expired and needed to be renewed. Plaintiff opposed the motion because Brazil suffered from the pandemic making it unsafe for the child to travel, but plaintiff agreed that the child could travel there once it became safe. The trial court agreed with plaintiff that travel to Brazil during the pandemic posed a risk for the child and did not serve his best interests. The trial court, however, agreed with defendant that plaintiff could facilitate the Brazilian passport renewal process. On December 16, 2020, the trial court entered an order that denied defendant's motion but ordered that the minor child's travel status would be reevaluated upon a future filing of a motion with the court, and ordered plaintiff to complete and sign within 45 days the documents necessary to renew the minor child's Brazilian passport. For the next 20 months, defendant did not advise the court of any dispute about renewal of the child's passport.

-1-

Plaintiff moved to modify the divorce judgment's parenting-time provision on April 6, 2022, and the parties resolved the issue by stipulating to the entry of an order that modified parenting time. On August 4, 2022, defendant filed a motion seeking to hold plaintiff in contempt for failing to renew the child's passport to enable travel to Brazil. The dispute was referred to the Friend of Court (FOC) which facilitated a resolution that resulted in the entry of a consent order that stated that the parties' counsel acknowledged that the minor child's Brazilian passport had been renewed and that the child's United States passport renewal had been submitted. The order provided that the processing of the child's United States passport was delayed because defendant used the wrong color pen to complete the documentation. The order also stated that defense counsel admitted that defendant had not inquired about renewal of the child's United States passport and that no evidence established that plaintiff caused delay in renewal of the child's United States passport. The order noted that defendant contended that plaintiff violated the December 16, 2020 order, but stated further that nothing indicated that such failure caused defendant financial damages and defendant's motion did not state a specific request for relief or set forth any proof of attorney fees or expenses. The consent order permitted defendant to renew her motion if the parties did not receive the child's United States passport by October 31, 2022.[1] The order also required plaintiff to provide defendant proof whether he took steps to renew the child's Brazilian passport consistent with the court's December 16, 2020 order. The order also permitted defendant an opportunity to amend her motion to provide more specificity if she intended to seek sanctions.

Two months later, defendant moved again for contempt and sanctions against plaintiff on the ground that he violated the court's December 16, 2020 order and the stipulated order that modified parenting time. The motion was resolved by the entry of another stipulated order that dealt with passport renewal, storage, and handling, and provided further that, although plaintiff violated the court's order, defendant's motion did not meet the requisites of a motion for attorney fees. The stipulated order permitted her to file a new or amended motion that complied with MCR 3.206(D).

Around mid-February 2023, defendant filed another motion, this time seeking attorney fees premised on the contention that the trial court had ruled plaintiff committed contempt. Plaintiff opposed the motion by pointing out factual and legal misrepresentations made by defendant and argued that the motion was frivolous and filed to harass and force him to incur attorney fees. The trial court heard the motion and entered an order that denied defendant's motion and sanctioned defendant for violating MCR 1.109(E)(5). The trial court later entered an order requiring defendant to pay plaintiff's attorney fees. Defendant now appeals.

## II. STANDARD OF REVIEW

A trial court's decision whether to award attorney fees is reviewed for an abuse of discretion. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). A trial court's issuance of an order of contempt is reviewed for an abuse of discretion. *In re Contempt of Steingold*, 244 Mich App 153, 157; 624 NW2d 504 (2000). This Court also reviews for an abuse of discretion a trial court's decision to impose sanctions. *Legacy Custom Builders, Inc v Rogers*, ___ Mich App

---

[1] The order included provisions for storage, handling, and renewal of the child's passports.

___, ____; ___ NW2d ___ (2023) (Docket No. 359213), slip op at 3. This Court will not disturb a trial court's sanction decision unless clearly erroneous. *Id*. A court abuses its discretion if "it chooses an outcome outside the range of reasonable and principled outcomes." *In re Bibi*, 315 Mich App 323, 329; 890 NW2d 387 (quotation marks and citation omitted). This Court reviews for clear error any factual findings underlying the court's discretionary decision to impose sanctions. *Hardick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." *Christiansen v Gerrish Twp*, 239 Mich App 380, 387; 608 NW2d 83 (2000) (quotation marks and citation omitted). "The proper interpretation and application of a court rule is reviewed de novo." *Legacy Custom Builders, Inc*, ___ Mich App at ___, slip op at 3 (citation omitted).

## III. ANALYSIS

Defendant contends that the trial court abused its discretion when it denied her request for attorney fees. We disagree.

"Under the 'American rule,' attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed*, 265 Mich App at 164. In Michigan domestic relations cases, a party may request attorney fees under two limited circumstances. *Richards v Richards*, 310 Mich App 683, 701; 874 NW2d 704 (2015). Relevant to this case, MCR 3.206(D) provides:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.
>
> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that:
>
> * * *
>
> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

MCR 3.206(D)(2)(b) requires that a party seeking an award of attorney fees in domestic relations cases allege sufficient facts to show that the requesting party incurred fees because the other party refused to comply with a previous court order despite having the ability to comply. When considering whether to award attorney fees under this court rule, the trial court should determine: (1) whether a party violated a court order, (2) whether the party refused to comply despite having the ability to comply, (3) whether the refusal to comply caused the other party to incur fees and expenses, and (4) whether the fees and expenses were reasonable. The attorney fees awarded must have been incurred because of misconduct. *Reed*, 265 Mich App at 165. The party's misconduct must be shown to have caused the incursion of the fees. *Id*. The party requesting the fees bears the burden of proving that they were incurred and that the services were not merely rendered but also reasonable. *Id*. at 165-166. This Court has explained that MCR 3.206(D)(2)(b) "is focused on a party's *bad* behavior." *Cassidy v Cassidy*, 318 Mich App 463, 481; 899 NW2d

65 (2017) (emphasis added). Thus, the term "refused to comply" in this context should be understood as signifying a positive intention to disobey, not merely an omission of a duty through neglect or inattention.[2]

In this case, defendant filed a motion in 2020 seeking an order to enforce the divorce judgment's travel provisions. In the trial court's December 16, 2020 order, the court denied the motion, nevertheless ordered plaintiff to complete and sign the renewal application for the minor child's Brazilian passport, and perform all other actions necessary for the renewal within 45 days, by January 30, 2021. Plaintiff conceded in an affidavit submitted to the trial court that he did not accomplish the required task within 45 days of entry of that order. He explained, however, that in early 2021, he signed and delivered to his attorney the Brazilian passport renewal documents which were to be forwarded to defendant's attorney. Plaintiff's attorney, however, did not forward the documents. The record reveals no reason why. Defendant mentioned the documents to plaintiff by e-mail dated July 25, 2021. Plaintiff learned from that e-mail that the documents had not been forwarded to defendant's attorney. It is unclear what transpired next, but plaintiff's unrebutted affidavit reveals that he overnighted documents to defendant on October 25, 2021. That, apparently prompted defendant to request additional documents on November 6, 2021, and plaintiff provided the requested documents to defendant on November 8, 2021. Thus, as of November 8, 2021, plaintiff fulfilled his obligation respecting the child's Brazilian passport under the December 16, 2020 order, effectively curing the problem.

Defendant filed her first contempt motion on August 4, 2022. Defendant admitted in that motion that the minor child's Brazilian passport had been renewed but complained about the delay. Defendant's motion asserted that plaintiff refused to renew the child's United States passport. The parties resolved the issues with the assistance of the FOC and agreed to the entry of the August 30, 2022 consent order. That order specified that the delay in the child's United States passport occurred because defendant used the wrong colored ink on the renewal documents. That order stated that no evidence established that plaintiff purposely delayed the renewal of that passport. The order also specified that nothing indicated that plaintiff's failure to renew the Brazilian passport caused financial damages to defendant. The order stated that defendant had not submitted proof of costs or fees with her motion. The order provided that defendant could amend her motion to provide specificity if she intended to seek sanctions, costs, and attorney fees for alleged violations by plaintiff of the December 16, 2020 order, or the stipulated order that modified plaintiff's parenting time which required plaintiff to cooperate with defendant regarding her traveling with the minor child.

Three months later, defendant filed her second motion for contempt, but that motion got resolved and the trial court entered a stipulated order that stated that no dispute existed that plaintiff had not taken timely steps to renew the passports but that both passports were renewed. The order stated further that, although plaintiff failed to follow the December 16, 2020 order, defendant's motion failed to sufficiently establish the relief requested or provide legal authority for the request for contempt and did not suffice for a contempt finding. The order specified that MCR 3.206(D)(2)(b) required defendant to allege facts that showed that attorney fees and expenses were

_____

[2] See *Black's Law Dictionary* (11th Ed).

-4-

incurred because of refusal to comply with an order, but defendant made no specific request for an amount of attorney fees and did not provide a bill of costs. Nevertheless, the order permitted defendant to file a new or amended motion that complied with MCR 3.206(D), supported by a bill of costs if she intended to request attorney fees.

Defendant then filed her motion for attorney fees. In that motion, defendant falsely asserted that the trial court had ruled that plaintiff was in contempt, falsely stated multiple times that the court had found plaintiff in contempt, and falsely stated that the court had established that plaintiff was in contempt in relation to the renewals of the Brazilian and United States passports. The record reflects that the trial court had never done so. Defendant also falsely stated that plaintiff prevented her from traveling with the minor child for the past four years. At the hearing on the motion, defense counsel admitted the falsity of the assertion and that defendant and the child actually recently had traveled to Brazil. Defendant contended in her motion that plaintiff's contempt caused her to file several motions, attend hearings, and engage in unnecessary litigation. The record does not support her contention because plaintiff cured the Brazilian passport renewal issue long before she began filing motions for contempt and attorney fees.

Plaintiff admitted to the trial court that he failed to timely comply with the trial court's December 16, 2020 order by not delivering by January 30, 2021, the Brazilian passport renewal documents. The record, however, does not establish that plaintiff intentionally refused to comply with the court's order. Rather, the evidence indicates that he attempted to comply or cure his noncompliance in early 2021 but failed; and once he learned that his counsel had not forwarded the executed documents to defendant, he took additional steps to cure by sending executed documents to defendant, and ultimately the minor child's Brazilian passport was renewed. Nothing in the record indicates that plaintiff's failure to complete the Brazilian passport documents and get them to defendant caused defendant to incur any attorney fees or expenses. To be entitled to recover fees under MCR 3.206(D), defendant had to prove that she incurred attorney fees or expenses because of plaintiff's misconduct, *Reed*, 265 Mich App at 165, i.e., "*bad* behavior", *Cassidy*, 318 Mich App at 481. At most, the record supports a finding that plaintiff acted negligently. It does not support a finding that plaintiff intentionally refused to follow the trial court's order.

Moreover, the record does not support defendant's contention that plaintiff committed contempt of court that caused her to incur fees and expenses. The record indicates that she filed a motion for contempt claiming plaintiff violated the court's orders related to the renewal of the minor child's United States passport, not because of plaintiff's negligent handling of the Brazilian passport renewal, which she conceded in the motion had been renewed. The FOC's facilitation and resolution of that motion resulted in the entry of the August 30, 2022 consent order that declared that the Brazilian passport had been renewed. Of greater significance, the order clarified that the United States passport renewal had been delayed because of defendant, not plaintiff. Defendant's motion failed to establish misconduct or bad behavior warranting an award of fees or expenses under MCR 3.206(D). Further, defendant failed to establish that she incurred attorney fees or expenses because of plaintiff's conduct. Defendant failed to establish the elements for entitlement to an award under MCR 3.206(D).

Defendant then filed her second motion for contempt, but that too failed to establish plaintiff's intentional commission of misconduct or bad behavior warranting an award of fees or

expenses under MCR 3.206(D). The motion also failed to allege facts to establish the incursion of attorney fees or expenses because of plaintiff's noncompliance with any order. The stipulated order resolving that motion recited that defendant failed to allege that she incurred fees or expenses.

Defendant then falsely premised her motion for attorney fees on repeated assertions that the court had already found plaintiff in contempt. The trial court admonished defendant for those misrepresentations. Defendant's motion for attorney fees failed to establish misconduct or bad behavior warranting an award of fees or expenses under MCR 3.206(D). Further, close examination of that motion and the purported supporting documentation, including defense counsel's bill of costs, reveals that defendant did not incur attorney fees or expenses *because of* plaintiff's noncompliance with the trial court's orders. The bill of costs submitted with defendant's motion for attorney fees listed work performed by her attorney unrelated to the passport renewal and long after plaintiff cured his failure to perform the December 16, 2020 order's obligation. The bill of costs also listed work defense counsel performed, such as the poorly prepared and unsupported motions that were resolved by entry of stipulated orders. Those stipulated orders undermined the premises of defendant's arguments for contempt and awards of attorney fees and expenses. The trial court, therefore, did not err by denying defendant's motion for attorney fees.

Defendant argues that the trial court also erred by denying her second motion for contempt because plaintiff failed to comply with the 45-day deadline set by the December 16, 2020 order, which defendant contends required the court to hold plaintiff in contempt.[3] This argument also lacks merit.

Michigan courts have discretion under MCL 600.1701(g) to hold a party in contempt for "disobeying any lawful order, decree, or process of the court." The primary purpose of a court's contempt power is to sustain the power and preserve the effectiveness of the courts. *In re Contempt of Dudzinski*, 257 Mich App 96, 108; 667 NW2d 68 (2003).

> The contempt power is awesome and must be used with the utmost restraint. The courts have the responsibility to apply the contempt power judiciously and only when the contempt is clearly and unequivocally shown. The limits of the power to punish for contempt are the least possible power adequate to the end proposed. [*Id.* at 109 (quotation marks and citations omitted)].

"Proceedings for civil contempt are instituted to preserve and enforce the rights of private parties to suits and to compel obedience of orders and decrees made to enforce those rights and administer the remedies to which the court has found the parties are entitled." *In re Contempt of United*

---

[3] Despite the fact that the trial court never held plaintiff in contempt, in her appeal brief, defendant appears to deny that her counsel falsely represented to the trial court that it had ruled plaintiff in contempt, and essentially blames the trial court for misunderstanding her counsel's representations to that court. Defendant's contentions in this regard are rather astounding considering that the language in the orders establishes the blatant and repeated misrepresentations that defense counsel made in defendant's motion for attorney fees. Defense counsel plainly made numerous false representations in the motion for attorney fees. The trial court did not simply misunderstand.

*Stationers Supply Co*, 239 Mich App 496, 500; 608 NW2d 105 (2000). Disobeying a court order, even an order that is "clearly incorrect," may be ruled a contempt of court unless the court lacked jurisdiction to issue the order or compliance with the order is impossible. *Kirby v Mich High Sch Athletic Ass'n*, 459 Mich 23, 40-41; 585 NW2d 290 (1998); see also *People v Hernandez*, 52 Mich App 56, 58; 216 NW2d 438 (1974). Regarding civil contempt, "a finding of wilful disobedience of a court order is not necessary." *United Stationers Supply*, 239 Mich App at 501. The court need only find that the alleged contemnor "was neglectful or violated its duty to obey an order of the court." *Id*. As with the decision to hold an individual in contempt, a trial court has discretion to determine the appropriate remedy for contempt. See, e.g., *People v Ahumada*, 222 Mich App 612, 617-618; 564 NW2d 188 (1997).

MCL 600.1711(2) provides:

> When any contempt is committed other than in the immediate view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend.

Additionally, MCL 600.1721 provides:

> If the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the defendant. The payment and acceptance of this sum is an absolute bar to any action by the aggrieved party to recover damages for the loss or injury.

Compensatory relief under MCL 600.1721 is a civil contempt sanction. *United Stationers Supply*, 239 Mich App at 499.

"Civil contempt is generally imposed for the purpose of compelling the contemnor to comply with a court's order, and the contemnor has the ability to cure the contempt with that compliance." *In re Contempt of Pavlos-Hackney*, 343 Mich App 642, 670; 997 NW2d 511 (2022) (citation omitted). "Civil contempt may also serve the purpose of reimbursing a complainant who incurred costs because of the contempt . . . ." *Id*. (citation omitted). Where a party seeks to hold another party in civil contempt, the alleged contemnor is entitled to minimal due process which consists of notice and an opportunity to present a defense. *Id*. at 673-674.

"In civil contempt proceedings, the party seeking enforcement of the court's order bears the burden of proving by a preponderance of the evidence that the order was violated." *Id*. at 670 (quotation marks and citation omitted). "The violation may be merely neglectful rather than necessarily willful." *Id*. (citation omitted). Thus, "[i]n civil contempt proceedings, a trial court employs its contempt power to coerce compliance with a present or future obligation, including compliance with a court order, to reimburse the complainant for costs incurred as a result of contemptuous behavior, or both." *In re Moroun*, 295 Mich App 312, 331; 814 NW2d 319 (2012) (opinion by K. F. KELLY, J.). "[C]ivil contempt sanctions are viewed as nonpunitive and avoidable . . . ." *Id*. at 332 (quotation marks and citation omitted).

In this case, plaintiff failed to timely comply with the trial court's December 16, 2020 order by not accomplishing the completion of the Brazilian passport renewal documents within 45 days of entry of the order. Analysis of the record in this case, however, reveals a number of things that undermine defendant's arguments. By the time that defendant moved for contempt, plaintiff had already cured his noncompliance respecting the minor child's Brazilian passport. Plaintiff also had complied with defendant's request to assist with the renewal of the child's United States passport. The delay in that passport's renewal occurred because defendant failed to properly prepare the documents. Defendant's first motion was resolved with the assistance of the FOC and entry of a consent order. The consent order specified that defendant failed to submit anything that showed that she incurred fees or expenses related to the Brazilian passport renewal and nothing in the record indicates that she incurred any fees or expenses related to the United States passport renewal. The consent order made no declaration or finding that plaintiff was in contempt but required plaintiff to demonstrate that he took steps to renew the Brazilian passport. The record indicates that plaintiff did so by submitting to defendant his explanation for his late compliance.

Defendant's second motion for contempt was resolved by the entry of a stipulated order that acknowledged that plaintiff had not timely complied with the passport renewal obligation. The stipulated order, however, made no declaration or finding that plaintiff was in contempt. In relation to defendant's second contempt motion, the stipulated order resolving it provided that defendant failed to properly brief the matter with supporting authority and she failed to allege any facts that proved that she incurred attorney fees or expenses. That order merely permitted defendant to file a motion under MCR 3.206(D) with a proper bill of costs. Defendant never did so. Further, as explained previously, the record in this case indicates that defendant could not satisfy the requirements to establish entitlement to fees and expenses under MCR 3.206(D).

Respecting defendant's contention that the trial court erred by not granting her second motion for contempt, defendant disregards fundamental principles of Michigan law, such as that "a court speaks through its written orders and judgments . . . ." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). In this case, the trial court never found plaintiff in contempt and it declined to do so, partly because defendant failed to file a proper motion with citation to legal authority or supporting documentation of any damages, and because the parties stipulated to the entry of the consent order and a stipulated order that resolved their dispute. This Court has recognized that stipulations are "a type of contract . . . ." *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 394; 573 NW2d 336 (1997). "Stipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts." *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000). The trial court accepted and entered the stipulated order that resolved defendant's second motion for contempt and no provision of that order ruled plaintiff in contempt. Under the agreed terms of that stipulated order, defendant was permitted to file a motion under MCR 3.206(D) with a proper bill of costs. Defendant, therefore, had to file a motion that established the elements for relief under MCR 3.206(D). Defendant failed to do so. She filed a motion for attorney fees that misrepresented the trial court's rulings, misrepresented facts concerning the United States passport renewal, misrepresented facts concerning defendant's travel to Brazil with the child, and failed to establish the elements necessary for recovery of attorney fees and expenses under MCR 3.206(D).

The trial court did not abuse its discretion by declining to hold plaintiff in contempt or order plaintiff to pay defendant's unsupported request for attorney fees. Further, the trial court did

not err by admonishing defendant's counsel for repeatedly making patently false representations in defendant's motion for attorney fees. The trial court correctly explained that defendant failed to file a proper motion and properly denied it. The trial court's decision to deny defendant an award of attorney fees, therefore, did not fall outside the range of principled outcomes.

Defendant also argues that the trial court erred by sanctioning her under MCR 1.109(E)(5). We disagree.

Under MCR 1.109(E), attorney fees may be awarded if a party, or attorney, signs a document that is not well-grounded in fact and warranted by law. MCR 1.109(E) provides in relevant part:

> (5) The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (6) If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

Under this court rule, the issue is whether the individual made a reasonable inquiry into both the factual and legal basis of a document before signing it. *Kelsey v Lint*, 322 Mich App 364, 379; 912 NW2d 862 (2017). "The reasonableness of the inquiry is determined by an objective standard and depends on the particular facts and circumstances of the case." *Id.* (quotation marks and citation omitted). Further, a position is frivolous if "(1) the party's primary purpose was to harass, embarrass, or injure the prevailing party, or (2) the party had no reasonable basis upon which to believe the underlying facts were true, or (3) the party's position was devoid of arguable legal merit." *Cvengros v Farm Bureau Ins*, 216 Mich App 261, 266-267; 548 NW2d 698 (1996), citing MCL 600.2591(3)(a).

In this case, in its March 17, 2023 amended order, the trial court denied defendant's motion for attorney fees for the reasons stated on the record, further ordered that it found that defendant violated MCR 1.109(E)(5), and instructed plaintiff to submit a bill of particulars. Analysis of the transcript of the hearing on defendant's motion for attorney fees reveals that the trial court found that defendant had no reasonable basis upon which to believe that the facts stated in her motion were true. The trial court rightly chastised defense counsel for making patently false

representations regarding the trial court's previous rulings. The trial court also correctly found that defendant made legal and factually inaccurate representations. The court noted that defense counsel had misrepresented that defendant had been unable to travel abroad for four years, when in fact, she recently had traveled to Brazil with the child. The court appropriately found that defendant had not filed a proper motion for contempt nor demonstrated that attorney fees or expenses had been incurred because of plaintiff's noncompliance with the court's order. The hearing transcript indicates that the trial court gave defense counsel an opportunity to explain why he had made patently false representations, but defense counsel provided no legitimate excuse and could not demonstrate any proper ground for his conduct. The record reflects that the explanation could not be reconciled with the plain language of the trial court's orders.

The record establishes that defendant and her counsel had no reasonable basis upon which to believe that the underlying facts stated in her motion were true. Further, defendant's position was devoid of arguable legal merit. Accordingly, the trial court's decision fell within the range of principled outcomes and did not constitute an abuse of discretion.

We hold that the trial court did not abuse its discretion by denying defendant's motion for attorney fees because defendant could not establish entitlement to attorney fees and expenses under MCR 3.206(D), and in her motion she made representations that were false that defendant and her counsel had no reasonable basis upon which to believe the underlying facts stated in her motion were true. The motion lacked arguable legal merit. As such, the trial court also did not abuse its discretion by sanctioning defendant for violating MCR 1.109(E)(5).

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Deborah A. Servitto
/s/ James Robert Redford