BOARD OF EDUCATION OF THE INTERMEDIATE SCHOOL DISTRICT OF ST. CLAIR COUNTY *v.* BOARD OF EDUCATION OF THE INTERMEDIATE SCHOOL DISTRICT OF LAPEER COUNTY

1. STATUTES—REMEDIAL STATUTES—CONSTRUCTION.

   A statute whose stated purpose is to provide for reorganization of the state's school districts so that all areas are part of a district operating at least 12 grades is remedial in nature and thus must be liberally construed (MCLA § 388.681 *et seq.*, as added by PA 1964, No 289).

2. SCHOOLS AND SCHOOL DISTRICTS—REORGANIZATION—AREAS INCLUDED IN NEW DISTRICT.

   An intermediate school district reorganization plan may include territory constituent to another intermediate school district (MCLA § 340.292a).

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes §§ 392–394.
[2, 3] 47 Am Jur, Schools §§ 13, 17–22, 23.

3. SCHOOLS AND SCHOOL DISTRICTS—REORGANIZATION—PLAN FOR RE-
ORGANIZATION—APPROVAL BY VOTERS—METHOD OF CONDUCTING
ELECTION.

    Adoption by voters of part 2 of a school district reorganization
plan under the second of 2 alternate voting procedures provided
by statute, after part 1 of the plan had been rejected by the
voters voting under the first of the 2 alternate voting pro-
cedures *held,* proper (MCLA § 388.687).

Appeal from Lapeer, James P. Churchill, J.
Submitted Division 2 February 4, 1969, at Lansing.
(Docket No. 4,047.)   Decided March 24, 1969.   Leave
to appeal denied May 23, 1969.   See 382 Mich 757.

Complaint by the Board of Education of the
Intermediate School District of St. Clair County
and Gould School District, Berlin Township No. 4,
St. Clair County, against the Board of Education
of the Intermediate School District of Lapeer
County, and the Almont Community Schools District
No. 12, Fractional, Lapeer County, to enjoin the
holding of a certain reorganization election and for
other relief.   Complaint dismissed.   Plaintiffs ap-
peal.   The people of the state of Michigan intervene
as a party defendant.   Affirmed.

*Marshall Barrymore,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Eugene Krasicky*
and *Gerald F. Young,* Assistant Attorneys General,
for intervening defendant.

BEFORE: QUINN, P. J. and McGREGOR and
V. J. BRENNAN, JJ.

QUINN, P. J.   Plaintiffs filed this action to enjoin
the school district reorganization election scheduled

to be held September 26, 1966, pursuant to the provisions of PA 1964, No 289, MCLA § 388.681 *et seq.* (Stat Ann 1968 Rev § 15.2299[1] *et seq.*), commonly referred to as K–12, and for other relief. The trial court denied the injunction and on June 29, 1967, ordered dismissal of the action. Plaintiffs appeal.

The appeal raises 2 issues: May the reorganization plan for an intermediate school district include territory of another intermediate school district? May a reorganization plan that is submitted to the electors under method 1 of section 7 of the above statute and defeated be modified and resubmitted under method 2 of the same section?

Before examining the statutory language involved and relating it to the facts of the case, we note that the expressed purpose of the act (§§ 4[a] and 6) is a statewide reorganization plan to permit all areas of the state to become part of a school district operating or designed to operate at least 12 grades. The mechanics to accomplish the purpose are spelled out in the act. We hold the act to be remedial and this requires a liberal construction of it. *In re School District No. 6* (1938), 284 Mich 132, 144.

Pursuant to Act No 289, *supra,* on September 22, 1965, Lapeer Intermediate District reorganization committee adopted a 2-part plan of reorganization which proposed the formation of 3 reorganized districts in part 1 of the plan. Pertinent to this litigation, one of the 3 proposed reorganized districts was to be composed of Almont Community Schools, Almont Township No. 8, Dryden Community Schools and Dryden Township No. 6, all constituent to Lapeer Intermediate School District. Part 1 of the plan was to be submitted under method 1 of section 7.

In the event the part 1 proposal was not adopted, the relevant provisions of part 2 of the proposed

reorganization plan combined the Almont districts into one reorganized district and the Dryden districts into another reorganized district. Part 2 of the plan was to be submitted under method 2 of section 7.

The state reorganization committee approved part 1 of the Lapeer plan December 10, 1965. It was submitted at an election April 4, 1966, under method 1 and was defeated.

Pursuant to the act on January 19, 1966, the St. Clair Intermediate District reorganization committee adopted a reorganization plan, the pertinent part of which proposed combining Gould School District, a school district constituent to the St. Clair Intermediate District, with the Almont Community Schools. Geographically, Almont Community Schools is in the southeast corner of Lapeer county and Gould School District is in the southwest corner of St. Clair county and is contiguous with Almont. During the 1964–1965 school year, many more Gould district children attended Almont High School than any high school in St. Clair county.

After the election of April 4, 1966, the St. Clair committee requested the Lapeer committee to include Gould School District in the Lapeer committee's reorganization plan to be submitted under method 2. The Lapeer committee accepted the request and communicated such acceptance to the state reorganization committee. June 3, 1966, the state committee approved the St. Clair plan and the amended Lapeer plan to be submitted under method 2. The relevant portion of the latter plan proposed a reorganized district composed of Almont Community Schools, Almont Township No. 8 and Gould. The approved amended Lapeer plan was submitted at an election held September 26, 1966, under method 2 and was adopted.

Plaintiffs first contend that it is impermissible to include in a proposed reorganization plan a school district not constituent to the intermediate school district proposing the reorganization. Their argument in support of this position commences, "All legislation concerning this question is contained in Act 289, * * * ." Then by quoting only section 1(d) of Act 289, MCLA § 388.681(d) (Stat Ann 1968 Rev § 15.2299[1][d]) and one sentence from section 6 of the act, MCLA § 388.686 (Stat Ann 1968 Rev § 15.2299[6]), plaintiffs make a plausible argument.

We cannot accept the statement made at the commencement of plaintiffs' argument. MCLA § 340-.292a (Stat Ann 1968 Rev § 15.3292[1]) not only deals with the question, it contemplates the situation plaintiffs argue against. Part of the section last referred to reads,

"When constituent school districts of more than one intermediate school district are reorganized into a single school district, the reorganized school district shall be constituent to the intermediate district designated by the board of education of the reorganized school district."

An examination of entire Act 289 discloses no prohibition against including in a proposed reorganized district a school district not constituent to the intermediate school district proposing the reorganization. It is reasonable to presume from the language quoted from MCLA § 340.292a, *supra,* and from the expressed purpose of Act 289, that the legislature recognized that such a prohibition would in many instances defeat that purpose. We hold that an intermediate school district reorganization plan may include territory constituent to another intermediate school district.

Plaintiffs frame the second issue as follows:

"Under Act 289, Public Acts of Michigan for 1964, must 'an approved reorganization plan' which sought to create 2 or more proposed local school districts and which was disapproved by the qualified electors voting under method 1, be resubmitted to the qualified electors of the proposed local districts under voting method 2 without modification in the plan?"

The question is not relevant to the facts before us. Part 1 of the Lapeer plan was approved, submitted and defeated. It was not thereafter amended and resubmitted. Instead, part 2 of the Lapeer plan was amended, approved, submitted and adopted. This was within the purview of that part of MCLA § 388.687 (Stat Ann 1968 Rev § 15.2299[7]) which reads:

"If election method number 1 is adopted by the intermediate school district committee and if the question voted on fails to obtain an affirmative majority, then another election using method number 2 shall be held not less than 90 days nor more than 6 months after the date of the first election. The results of this election using method number 2 shall be final and the requirements of this act shall have been met."

Affirmed but without costs, a public question being involved.

All concurred.