UNIVERSITY CENTER INC. v. ANN ARBOR
PUBLIC SCHOOLS

1. SOCIAL SECURITY AND PUBLIC WELFARE—PARENT AND CHILD—LICENSED HOMES.

Licensed homes in which a child is to be placed by court order or child-placing agencies or in which a child is placed because of the parents' inability to provide an adequate home are not limited to homes licensed by the social services department (MCLA § 340.358).

2. SCHOOLS AND SCHOOL DISTRICTS—RESIDENCY—LICENSED HOMES—RESIDENTIAL FACILITY.

A residential facility, licensed by the department of mental health, is a "licensed home" for the purpose of determining school district residency.

3. PARENT AND CHILD—INADEQUATE HOME—FINANCIAL CONDITION.

The financial well-being of the parents does not preclude a finding that the parents are unable to provide an adequate home for their children.

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 47 Am Jur 2d, Schools § 151 et seq.
Determination of residence or nonresidence for purpose of fixing tuition fees or the like in public school or college. 83 ALR 2d 497.
[6] 52 Am Jur 2d, Mandamus § 31 et seq.
[7] 52 Am Jur 2d, Mandamus § 162.

4. SCHOOLS AND SCHOOL DISTRICTS—RESIDENCY—RESIDENTIAL FACIL-
ITY.

Children placed in a licensed residential facility were entitled
to be considered residents of the school district in which
the residential facility was located, even though the children's
parents, residents in another district, were financially well-
off, where the children were placed in the residential facility
because of the psychiatric care provided at the facility and
not because of the inadequate educational facilities in the
school districts in which their parents' homes were located.

5. SCHOOLS AND SCHOOL DISTRICTS—ATTENDANCE—LICENSED HOMES
—ENFORCEMENT.

A child living in a licensed home has the statutory right to attend
the public schools in the school district in which the home is
located; the right is properly enforced by mandamus.

DISSENTING OPINION BY QUINN, J.

6. MANDAMUS—ISSUANCE—REQUIREMENTS.

*A writ of mandamus should not be issued unless there is a clear
legal duty on one party and a clear legal right to the dis-
charge of the duty in the other party.*

7. MANDAMUS—APPEAL AND.ERROR—STANDARD OF REVIEW.

*The appellate court when reviewing a denial of a writ of man-
damus must determine whether there is any evidence to support
the trial court's findings.*

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted Division 2 May 8, 1970, at Lansing.
(Docket No. 8,486.)   Decided July 29, 1970.   Leave
to appeal granted October 14, 1970.   384 Mich 765.

Complaint for mandamus by University Center,
Inc., and several minor plaintiffs, against the Ann
Arbor Public Schools to compel admissions of minor
plaintiffs.   Writ denied.   Plaintiffs appeal.   Re-
versed and remanded for issuance of writ.

*Crippen, Dever & Urquhart,* for plaintiffs.

*Roscoe O. Bonisteel and Roscoe O. Bonisteel, Jr.,*
for defendant.

Before:  T. M. BURNS, P. J., and QUINN and ROBERTS,* JJ.

T. M. BURNS, P. J.  This is an appeal from the denial of a writ of mandamus by the Washtenaw County Circuit Court which would have compelled defendant to admit several minor plaintiffs who are receiving psychiatric care as in-patients at University Center, Inc., a private clinic maintained by plaintiff Dr. Arnold H. Kambly.

The minor plaintiffs, none of whose parents live in Ann Arbor, are housed in an institutional-type building at University Center, Inc., which lies within the City of Ann Arbor.

The minor plaintiffs are mainly from upper-middle-class homes and are charged $350 to $500 per month, plus expenses, and psychiatric fees. While none of the minor plaintiffs is retarded, neurotic, or psychotic, according to Dr. Kambly, they are, for psychological reasons, under-achievers and do not for these reasons perform ordinary school work with the success that might otherwise be expected of them.

For 15 years defendant had permitted patients from the University Center, Inc., to attend the schools which it maintained without payment of tuition.  On August 11, 1969, defendant notified Dr. Kambly that such educational arrangement was terminated.

The minor plaintiffs assert that they are residents of the defendant school district by virtue of the fact they are housed within the district's limits and are under the control of their legal guardian, Dr. Kambly, who is an admitted resident of the district.

The circuit court rejected this contention and denied mandamus.  After a review of the record

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and the applicable law, we find that we are unable to uphold the trial court's decision.

We find that the trial court erred in holding that University Center, Inc. was not a "licensed home" within the meaning of MCLA § 340.358 (Stat Ann 1968 Rev § 15.3358). MCLA § 340.358 (Stat Ann 1968 Rev § 15.3358) which requires that a child be placed in a "licensed home" either by court order or because of the inability of the parents to provide an adequate home, and not for educational purposes, does not specifically limit the term "licensed home" to homes licensed under the social services department as defendant contends.

University Center, Inc. was previously licensed under the provisions of PA 1944, No 47 as amended by PA 1961, No 183, until 1965 when the legislature created a new class of licensed homes now termed "licensed residential facilities." MCLA § 330.61 (Stat Ann 1969 Rev § 14.850). The licensing for this new type of "licensed home" is done by the department of mental health. According to the unrefuted assertions of the plaintiffs, the mental health department uses the same standards as the social services department, plus the added requirement of psychiatric treatment.

Since MCLA § 340.358 (Stat Ann 1968 Rev § 15.3358) does not by its terms limit the phrase "licensed home" to homes licensed under the social services legislation, we believe that the trial court erred in finding that the plaintiff, University Center, Inc., was not a licensed home pursuant to the legislative intention of MCLA § 340.358 (Stat Ann 1968 Rev § 15.3358).

As to the additional requirement that the child be placed in the licensed home either by court order or because his parents were unable to provide an adequate home, we find that, as shown by the plaintiffs,

the probate court, in passing upon the petitions for guardianship, had before it the question of the adequacy of the minor plaintiffs' homes and found them wanting. We find nothing in the record to contradict the plaintiffs' assertions that the boys' homes were inadequate except the fact, which is admitted by everyone, that their parents are not lacking in economic substance. The defendant asserts that this economic well-being precludes the finding that the parents were unable to provide an adequate home.

We are unable to subscribe to such formalistic criterion for inability. MCLA § 340.358 (Stat Ann 1968 Rev § 15.3358) is remedial in nature and as such must be liberally construed. *In Re School District No. 6* (1938), 284 Mich 132, 144; *St. Clair Board of Education* v. *Lapeer Board* (1969), 16 Mich App 411, 413.

The mere fact that plaintiffs' parents can financially support them does not mean that they can provide in their own homes the proper environment, measured in non-economic terms, which is necessary for the emotional and mental well-being of the minor plaintiffs.

Since there is nothing in the record to the contrary, plaintiffs' assertions that they are at University Center, Inc., and therefore in defendant district, not because of inadequate educational facilities in their parents' home districts, but because they need the psychiatric care which is provided at the Center, are accepted as true. We find the plaintiffs' assertion that because of these maladies the homes of their parents are not suitable homes and that the Center is a "suitable home" for them under the statute to be unrefuted. MCLA § 340.358 (Stat Ann 1968 Rev § 15.3358). We consider the trial court's finding that plaintiffs were in defendant

district for educational purposes and not for the
purpose of securing a suitable home to be clearly
erroneous. GCR 1963, 517.1. We can find no
factual support whatsoever in this record which
buttresses the trial court's ruling. See *South Look-
ing Glass Drainage District Board* v. *Grand Trunk
Western Railroad Company* (1959), 357 Mich 215,
222.

The minor plaintiffs, therefore, have a clear stat-
utory right as residents living in a licensed home
to be admitted to defendant's schools under MCLA
§ 340.358 (Stat Ann 1968 Rev § 15.3358). Such legal
right is properly enforced by mandamus. *Taylor*
v. *Ottawa Circuit Judge* (1955), 343 Mich 440;
*Mardiros* v. *Secretary of State* (1968), 11 Mich App
541.

Reversed and remanded for the issuance of the
writ of mandamus.

Roberts, J. concurred.


Quinn, J. (*dissenting*). I would affirm the trial
court. This is an action for mandamus which is a
discretionary writ, one which should not issue un-
less there is a clear legal duty on the part of the
defendant and a clear legal right in the plaintiff
to the discharge of such duty. *Huron-Clinton
Metropolitan Authority* v. *Boards of Supervisors
of Five Counties* (1943), 304 Mich 328.

On review of the denial of a writ of mandamus,
it is the duty of the appellate court to determine
whether there is any evidence to support the trial
court's findings. *South Looking Glass Drainage
District Board* v. *Grand Trunk Western Railroad
Company* (1959), 357 Mich 215.

Here, the trial court found that none of the minors
sought to be enrolled in the defendant school system

were residents of the school district of defendant. There is ample evidence in the record to support this finding. The right to attend the schools of a given school district is dependent on residency in that district. CL 1948, § 340.356 (Stat Ann 1968 Rev § 15.3356).

The required clear legal duty and clear legal right to the discharge of that duty are not present in this case.